UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE M. BRADFORD,

                               Plaintiff,

v.

THE CITY OF WATERTOWN, WATERTOWN POLICE
DEPT., CHAD FREDRICK, SHANE RYAN, All in their
Individual and Official Capacities,

                               Defendants.
_____

7:14-CV-01017

(DNH/TWD)

APPEARANCES:

LAWRENCE M. BRADFORD
13-B-2878
Plaintiff, *pro se*
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, New York 13669-2288

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

## I.    INTRODUCTION

      The Clerk has sent to the Court for review the Complaint in this 42 U.S.C. § 1983 civil

rights action brought by Plaintiff Lawrence M. Bradford against Defendants City of Watertown,

Watertown Police Dept., and Watertown Police Officers Chad Frederick, and Shane Ryan.  (Dkt.

No. 1.)  Also before the Court is Plaintiff's second application for leave to proceed *in forma*

*pauperis* ("IFP Application").[1]  (Dkt. No. 9.)  Plaintiff has also moved for appointment of counsel.  (Dkt. No. 3.)

## II.     IFP APPLICATION

As to Plaintiff's second IFP Application, the Court finds that Plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District to proceed with this matter *in forma pauperis*.  (Dkt. Nos. 6 and 9.)  As a result, Plaintiff's second IFP Application (Dkt. No. 9) is granted.

## III.    INITIAL SCREENING

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, and because Plaintiff seeks relief from a governmental entity or an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1]  Plaintiff's first IFP Application (Dkt. No. 2) was initially denied as incomplete in an Order Directing Administrative Closure with Opportunity to Comply With Filing Fee Requirement due to his failure to submit the required inmate authorization form.  (Dkt. No. 4.) *See* 28 U.S.C. § 1915(a)(1), (2); N.D.N.Y. L.R. 5.4(1)(A), (B).  The case was reopened by Text Order of August 21, 2014, after Plaintiff filed the required authorization form.  (Dkt. No. 6.) Thereafter, Plaintiff's initial application was denied without prejudice on the ground the information provided was incomplete.  (Dkt. No. 8).

relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[2]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief against a person who is immune from such relief."  28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court should construe the factual allegations in the light most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations

---

[2]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged    but it has not "show[n] that the pleader is entitled to relief." *Id*. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotations marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

## IV. PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated in the Ogdensburg Correctional Facility, having pleaded guilty to assault in the second degree, N.Y. Penal Law § 120.05(2), in Jefferson County Court in

or about August of 2013.  (Dkt. No. 1 at 1, 5.)  Plaintiff claims that on January 5, 2013, at 1:05 a.m., Defendant Watertown Police Department ("Police Department") officers Defendants Chad Fredrick ("Fredrick") and Shane Ryan ("Ryan") commenced a warrantless and unauthorized search of his apartment in the absence of exigent circumstances.  *Id*. at 2-3.  According to Plaintiff, Fredrick and Ryan appeared at his address to arrest him on an alleged robbery.  *Id*. at 2. Plaintiff's roommate answered the door and said "no" when the two officers asked if Plaintiff was at home.  *Id*.  The roommate also said "no" when Fredrick and Ryan asked if they could come into the apartment and conduct a search.  *Id*.  The Defendant Officers then allegedly asked the roommate why they could not search if she had nothing to hide.  *Id*.  Plaintiff claims that due to pressure and coercion by Fredrick and Ryan, the roommate let them in, pointed to Plaintiff's bedroom, and walked away.  *Id*. at 3.

It appears from the allegations in Plaintiff's Complaint that he was at home at the time and was arrested and taken into custody by Fredrick and Ryan.  *Id.*  Plaintiff contends the search was accomplished through coercion and in violation of his rights under the Fourth Amendment. *Id*.  At Plaintiff's Huntley hearing, Fredrick testified that the initial search had been conducted with the consent of Plaintiff's roommate.  *Id*.  According to Plaintiff, Fredrick deceived the court on many occasions during his testimony at the Huntley hearing, which led to the suppression of statements Plaintiff had given to Fredrick and Fredrick and Ryan's police report on Plaintiff's arrest.  *Id.*  Plaintiff claims that if Fredrick and Ryan had not entered his home without a warrant in violation of his Fourth Amendment rights and illegally arrested him, he might not be serving an unjust prison sentence of two-and-a-half years.  *Id*. at 3-6.

Plaintiff seeks monetary damages in the amount of Five-Hundred Thousand ($500,000.00) Dollars for mental anguish, loss of income, loss of family, and loss of business as a result of the violation of his Fourth Amendment rights. *Id.* at 7.

## V.    ANALYSIS

### A.    Watertown Police Department

Plaintiff has named the Watertown Police Department as a Defendant. "A police department is an administrative arm of [a] municipal corporation," and "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (citing *Loria v. Town of Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y. 1990); *see also Dexter v. City of Syracuse*, No. 5:14-CV-0363 (TJM/DEP), 2014 WL 2611384, at * 4, 2014 U.S. Dist. LEXIS 80008, at * 11 (N.D.N.Y. June 11, 2014)[3] (same). Accordingly, because the Watertown Police Department is not a proper defendant in this case, the Court recommends that it be dismissed from the action with prejudice.[4]

---

[3] Copies of all unpublished decisions cited herein will be provided to Plaintiff pursuant to *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[4] The Second Circuit has directed district courts to grant leave to *pro se* litigants to amend their complaints to name the municipality in which a police department sits as the real party in interest when a case is dismissed against a police department on the grounds that it is not an entity capable of being sued. *See Morris v. New York City Police Dept.*, 59 F. App'x 421, 422-23 (2d Cir. 2003) (summary order) (directing the district court to permit amendment of the complaint to name the City of New York as a defendant when the suit was dismissed against the New York City Police Department on the grounds it was not a suable entity). Inasmuch as the City of Watertown is already named as a Defendant herein, the Court will construe Plaintiff's Fourth Amendment claim against the Police Department as one against the City.

**B.     City of Watertown**

In addition to Fredrick and Ryan, Plaintiff seeks to hold the City of Watertown liable for the alleged violation of his Fourth Amendment rights.  However, his Complaint fails to allege facts meeting the standard for establishing municipality liability as laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).  In order to set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead and prove that a deprivation of his constitutional  rights "was caused by a governmental custom, policy, or usage of the municipality."  *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell,* 436 U.S. 658); *see also Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer.  Second, the plaintiff must establish a causal connection   an 'affirmative link'  between the policy and the deprivation of his constitutional rights.") (citing *Oklahoma v. Tuttle*, 471 U.S. 808, 824 n.8 (1985)) (plurality opinion).

Plaintiff has failed to allege any facts showing the existence of a municipal policy or custom regarding searches, and that Fredrick and Ryan's alleged violation of his Fourth Amendment right against unreasonable searches and seizures was causally connected to that municipal policy or custom.  Furthermore, Plaintiff's Complaint contains no factual allegations regarding the Watertown Police Department that assist him in stating a claim for municipal liability against the City of Watertown under *Monell*.  Therefore, the Court recommends that the action be dismissed as against City of Watertown with leave to amend.

### C. Fredrick and Ryan

Plaintiff claims that Fredrick and Ryan violated his Fourth Amendment rights by engaging in a warrantless search of his apartment based upon the coerced consent of his roommate. Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, s*ee e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require a response to Plaintiff's Complaint by Defendants Fredrick and Ryan.[3] In so ruling, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has moved for appointment of counsel. (Dkt. No. 3.) However, a more fully developed record will be necessary before the Court can assess whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel).

---

[3] What Plaintiff claims occurred as a result of the allegedly unlawful search, including whether evidence was seized from Plaintiff's apartment during the search and, if so, the part, if any, it played in his arrest and conviction by guilty plea, is unclear. Thus, the Court cannot ascertain from the face of the Complaint whether a determination that Fredrick and Ryan violated Plaintiff's Fourth Amendment rights by conducting an unauthorized, warrantless search that resulted in his arrest, would necessarily imply that his conviction was improper. Therefore, the Court cannot determine at this point whether Plaintiff's Fourth Amendment search and seizure claim will be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes state prisoners from bringing a § 1983 claim that will "necessarily imply" the invalidity of his conviction unless the conviction has been invalidated. *Id*. at 487. *See McCord v. City of New York*, No. 13 Civ. 2008 (AJN), 2014 WL 2567108, at * 3, 2014 U.S. Dist. LEXIS 77539, at * 8-9 (S.D.N.Y. June 6, 2014) (noting that in *Heck*, "the Supreme Court recognized that the introduction at trial of unlawfully seized evidence would 'not necessarily imply that the plaintiff's conviction was unlawful") (quoting *Heck*, 512 U.S. at 487 n.7.)

Therefore, the motion is denied, without prejudice.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide the superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization form (Dkt. No. 6) and notify the official that this action has been filed and that Plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915;[4] and it is further

**ORDERED** that the Clerk provide a copy of Plaintiff's inmate authorization form (Dkt. No. 6) to the Financial Deputy of the Clerk's Office; and it is

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** as against Defendant Watertown Police Department on the ground that it is not an entity capable of being sued; and it is further

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED WITH LEAVE TO AMEND** against Defendant The City of Watertown for failure to state a claim; and it is

---

[4]  The total cost for filing a civil action in this court is $400.00 (consisting of the filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00).  A party granted *in forma pauperis* status is not required to pay the $50.00 administrative fee; however, a prisoner granted *in forma pauperis* status is required to pay, over time, the full amount of the $350.00 filing fee, regardless of the outcome of the action.  *See* 28 U.S.C. § 1915(b)(3).  Although his *in forma pauperis* application has been granted, Plaintiff will be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the Complaint (Dkt. No. 1), to the United States Marshal for service upon Defendants Fredrick and Ryan; and it is further

**ORDERED** that Defendants Fredrick and Ryan, or their counsel, shall file a response to the claims against them in the Complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED,** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on

Plaintiff, along with copies of all unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: February 27, 2015
　　　　Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

Slip Copy, 2014 WL 2611384 (N.D.N.Y.)
**(Cite as: 2014 WL 2611384 (N.D.N.Y.))**



Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Alisha DEXTER and Lemorris Dexter, Plaintiffs,
v.
The CITY OF SYRACUSE, et al., Defendants.

No. 5:14–CV–0363.
Signed June 11, 2014.

Alisha Dexter, Lemorris M. Dexter II, Syracuse, NY,
pro se.

None, for Defendants.

### DECISION and ORDER

THOMAS J. McAVOY, Senior District Judge.

**\*1** This *pro se* 42 U.S.C. § 1983 action was re-
ferred to the Hon. David E. Peebles, Jr. United States
Magistrate Judge, for a Report–Recommendation
pursuant to 28 U.S.C. § 636(b).

No objections to the May 6, 2014 Re-
port–Recommendation have been raised. After ex-
amining the record, this Court has determined that the
Report–Recommendation is not subject to attack for
plain error or manifest injustice. Accordingly, this
Court adopts the Report–Recommendation for the
reasons stated therein.

It is, therefore, ORDERED that:

(1) the claims asserted under 42 U.S.C. § 1983
against defendant City of Syracuse, as well as de-
fendants Stephanie Miner and Frank Fowler in their

individual capacities, be DISMISSED without
prejudice;

(2) the claims asserted under 42 U.S.C. § 1983
against defendant Syracuse Police Department, as
well as defendants Stephanie Miner, Frank Fowler,
A. Mahar, and M. Vella in their official capacities,
be DISMISSED with prejudice;

(3) the negligence claim, to the extent it is asserted
under 42 U.S.C. § 1983, be DISMISSED with
prejudice;

(4) plaintiffs may file an amended complaint that
complies with the requirements of stated in Magis-
trate Judge Peebles order within 21 days.

(5) if plaintiffs fail to file an amended complaint in
compliance with the requirements of this Order,
their original complaint will remain the operative
pleading and this matter shall proceed only as
against defendants Mahar, Vella, and Doe in their
individual capacities.

IT IS SO ORDERED.

### REPORT, RECOMMENDATION, AND ORDER

DAVID E. PEEBLES, United States Magistrate
Judge.

*Pro se* plaintiffs Lemorris M. Dexter II and Alisha
Dexter have commenced this action against the City of
Syracuse, the Syracuse Police Department, and five
named individuals, pursuant to 42 U.S.C. § 1983,
alleging deprivations of their civil rights, and request
leave to proceed in the action *in forma pauperis*
("IFP"). For the reasons set forth below, plaintiffs'
motion to proceed IFP is granted. I recommend,
however, that their section 1983 claims be dismissed
as asserted against some of the named defendants.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2611384 (N.D.N.Y.)
**(Cite as: 2014 WL 2611384 (N.D.N.Y.))**

I. *BACKGROUND*

Plaintiffs commenced this action on April 2, 2014, with the filing of a complaint and an application to proceed IFP.[FN1] Dkt. Nos. 1, 2. In their complaint, plaintiffs allege that, on January 4, 2012, while at their residence, located in Syracuse, New York, they observed two unidentified individuals allegedly trespassing on their property. Dkt. No. 1 at 2. After calling 911 to summon the police, defendants A. Mahar and M. Vella, two City of Syracuse police officers, arrived at plaintiffs' residence. *Id.* According to plaintiffs, defendants Mahar and Vella "made no attempt to investigate" their complaint about trespassers, "and instead became hostile toward[s]" them. *Id.* When plaintiff Lemorris Dexter began to explain the basis for their 911 call, defendants Mahar and Vella ignored him and "began using vulgar language and profanity." *Id.* Thereafter, and without cause, defendants Mahar and Vella allegedly used unnecessary and excessive physical force to arrest both plaintiffs. *Id.* The complaint alleges that plaintiff Alisha Dexter sustained cuts and abrasions to her head and face, as well as mental trauma, as a result of the use of force by defendants Mahar and Vella. *Id.* at 2, 3. In addition, it is alleged that plaintiff Lemorris Dexter suffered abrasions to his wrists, hands, and back of his arms during the incident. *Id.* at 3.

> FN1. The action was commenced with the filing of a pleading formatted as a "claim" and identifying the plaintiffs as "claimants" and defendants as "respondents." Dkt. No. 1 at 1. In deference to their *pro se* status, the court has construed the pleading as a complaint. I note also that the complaint is signed by an attorney, John A Longretta, Esq. *Id.* at 3. Attorney Longretta has advised the court, however, that he does not represent the plaintiffs in this matter. Docket Entry Dated Apr. 4, 2014.

**\*2** Based on the foregoing allegations, plaintiffs'

complaint asserts claims arising under section 1983 for violation of their Fourth and Eighth Amendment rights against the following defendants: (1) the City of Syracuse, (2) City of Syracuse Mayor Stephanie Miner, (3) the Syracuse Police Department ("SPD"), (3) SPD Chief of Police Frank Fowler, (4) SPD Officer Mahar, (5) SPD Officer Vella, and (5) SPD Officer John Doe. *See generally* Dkt. No. 1.

II. *DISCUSSION*

A. *Plaintiffs' Application to Proceed IFP*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[FN2] In this instance, because I conclude that plaintiffs meet the requirements for IFP status, their application for leave to proceed IFP is granted.[FN3]

> FN2. The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without pre-payment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States,* 71 Fed. Cl. 366, 367 (Fed.Cl.2006); *see also Fridman v. City of New York,* 195 F.Supp.2d 534, 536 n. 1 (S.D.N.Y.2002).

> FN3. Plaintiffs are reminded that, although their IFP application has been granted, they will nonetheless be required to pay fees that

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

he incurs in this action, including copying and/or witness fees.

### B. *Sufficiency of Plaintiffs' Complaint*

### 1. *Governing Legal Standard*

Because I have found that plaintiffs satisfy the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in their complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and extreme caution must be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States,* Nos. 99–MC–0304, 99–MC0408, 1999 WL 1067841, at *2

(D.Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998)); *see also Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**\*3** When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2611384 (N.D.N.Y.)
**(Cite as: 2014 WL 2611384 (N.D.N.Y.))**

not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). Thus, "where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

2. *Analysis*

Plaintiffs' complaint asserts claims "sounding in negligence, excessive force, false arrest and violation of the [plaintiffs'] Civil Rights[.]" Dkt. No. 1 at 2. Liberally construed, plaintiff contends that his rights under the Fourth and Eighth Amendment were violated pursuant to section 1983.

As a general matter, section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.,* 885 F.Supp. 537, 573 (S.D.N.Y.1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990) (quoting 42 U.S.C. § 1983)). It " 'is not itself a source of substantive rights[,] ... but merely provides 'a method for vindicating federal rights elsewhere conferred[.]' " *Patterson v. Cnty. of Oneida,* 375 F.3d 206, 225 (2d Cir.2004) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state ... law.' " *Velez v. Levy,* 401 F.3d 75, 84 (2d Cir.2005) (quoting *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)).

**\*4** In this case, a careful review of plaintiffs' complaint reveals that some of their section 1983 claims lack palpable merit.

i. *Plaintiffs' Negligence Claim*

Plaintiffs assert a negligence claim against the defendants. Dkt. No. 1 at 2. To the extent they assert that claim pursuant to section 1983, negligence is not actionable under that provision. *See, e.g., Dzwonczyk v. Syracuse City Police Dep't,* 710 F.Supp.2d 248, 261 (N.D.N.Y.2008) (McCurn, J.) ("As an initial matter, the court notes that to the extent Plaintiff purports to allege a negligence claim against the Defendants under 42 U.S.C. § 1983, such a claim is dismissed as negligence is not cognizable under [section] 1983."). Accordingly, I recommend that plaintiffs' negligence claim be dismissed to the extent it is asserted against defendants under section 1983.

ii. *Plaintiffs' Municipal Liability Claim Asserted Against Defendant City of Syracuse*

While amenable to suit under section 1983, a municipality may not be held liable under that section for the acts of its employees based on a theory of *respondeat superior. Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Blond v. City of Schenectady,* No.

10–CV–0598, 2010 WL 4316810, at \*3 (N.D.N.Y. Oct.26, 2010) (McAvoy, J.); *Birdsall v. City of Hartford,* 249 F.Supp.2d 163, 173 (D.Conn.2003). For liability to attach against a municipality under section 1983, a plaintiff must establish that the alleged constitutional violation resulted from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers ... [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell,* 436 U.S. at 690–91; *Blond,* 201 WL 4316810, at \*3; *Perez v. Cnty. of Westchester,* 83 F.Supp.2d 435, 438 (S.D.N.Y.2000).

In this case, plaintiffs' complaint alleges no facts plausibly alleging that their constitutional violations resulted from a policy or custom adopted by defendant

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2611384 (N.D.N.Y.)
**(Cite as: 2014 WL 2611384 (N.D.N.Y.))**

City of Syracuse. *See generally* Dkt. No. 1 at 2. For this reason, I recommend that plaintiffs' section 1983 claim asserted against defendant City of Syracuse be dismissed.

iii. *Plaintiff's Claims Asserted Against Defendant SPD*

Although "[a] police department is an administrative arm of [a] municipal corporation[,] ... [it] cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Baker v. Willett,* 42 F.Supp.2d 192, 198 (N.D.N.Y.1999) (Hurd, M.J.) (citing *Loria v. Town of Irondequoit,* 775 F.Supp. 599, 606 (W.D.N.Y.1990)); *accord, Jenkins v. Liadka,* No. 10–CV–1223, 2012 WL 4052286, at *5 (N.D.N.Y. Sept. 13, 2012) (Suddaby, J.). Accordingly, because defendant SPD is not a proper defendant in this case, I recommend that it be dismissed from the action.

iv. *Plaintiffs' Section 1983 Claims Asserted Against Defendants Miner, Fowler, Mahar, and Vella in Their Official Capacities*

**\*5** Plaintiffs have asserted a section 1983 claim against defendants Miner, Fowler, Mahar, and Vella as a result of the alleged unlawful arrest of plaintiffs by defendants Mahar and Vella, as well as their alleged use of excessive force. *See generally* Dkt. No. 1.

The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Cory v. White,* 457 U.S. 85, 90–91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir.1993). This absolute immunity, which states enjoy under the Eleventh Amendment, extends to both state agencies and state officials sued for damages in their official capacities when the essence of the plaintiff's claim seeks recovery from the state as the real party in interest. *See, e.g., Daisernia v. State of New York,* 582 F.Supp. 792, 798–99 (N.D.N.Y.1984) (McCurn, J.)

("[A] suit which seeks a money judgment 'which must be paid from the state treasury is barred by the Eleventh Amendment,' even though it is nominally asserted against an individual official." (quoting *Edelman,* 415 U.S. at 663)); *see also Richards v. State of New York App. Div., Second Dep't,* 597 F.Supp. 689, 691 (E.D.N.Y.1984) (citing, *inter alia, Cory v. White,* 457 U.S. 85, 89–91, 102 S.Ct. 2325, 72 L.Ed.2d 694, (1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." [FN4] *Ying Jing Gan,* 996 F.2d at 529; *see also Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

> FN4. By contrast, the Eleventh Amendment does not preclude lawsuits seeking to impose individual or personal liability on state officials under section 1983. *Hafer v. Melo,* 502 U.S. 21, 30–31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

In this case, it is not clear whether plaintiffs have asserted a section 1983 claim against defendants Miner, Fowler, Mahar, and Vella in their individual or official capacities. *See generally* Dkt. No. 1. To the extent that claim is asserted against those defendants in their official capacities, however, those claims are, in reality, claims against the State of New York, and therefore subject to dismissal because plaintiffs seek only monetary relief. Dkt. No. 1 at 3; *Daisernia,* 582 F.Supp. at 798–99. Accordingly, I recommend that plaintiffs' section 1983 claims asserted against defendants Miner, Fowler, Mahar, and Vella in their official capacities be dismissed. [FN4]

> FN4. The Eleventh Amendment does not preclude claims seeking only declaratory or injunctive relief against municipal defendants in their official capacities. *See In re*

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2611384 (N.D.N.Y.)
**(Cite as: 2014 WL 2611384 (N.D.N.Y.))**

*Deposit Ins. Agency,* 482 F.3d 612, 618 (2d Cir.2007) ("A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." (quotation marks omitted)). Plaintiffs' complaint in this case, however, does not seek such relief.

v. *Personal Involvement of Defendants Miner and Fowler*

To the extent defendants Miner and Fowler are sued in their individual capacities, those claims also fail at this juncture. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (citing *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under section 1983. *See Iqbal,* 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered ." *Bass v. Jackson,* 790 F.2d 260, 263 (2d Cir.1986). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.,* No. 91–CV–8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan.24, 1994).

**\*6** It is well-established that individuals like defendant Miner and Fowler, who are sued in the supervisory capacity, cannot be liable for damages under section 1983 solely by virtue of being a supervisor, "and [liability] cannot rest on *respondeat superior."*

*Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir.2003); *Wright,* 21 F.3d at 501. To establish responsibility on the part of a supervisory official for a civil rights violation, a plaintiff must demonstrate that the individual (1) directly participated in the challenged conduct; (2) after learning of the violation through a report or appeal, failed to remedy the wrong; (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in managing the subordinates who caused the unlawful event; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty,* 490 F.3d 143, 152–53 (2d Cir.2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* 556 U .S. 554 (2009); *see also Richardson,* 347 F.3d at 435; *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995); *Wright,* 21 F.3d at 501.

In this case, there are no allegations in plaintiffs' complaint that plausibly suggest the personal involvement of defendants Miner and Fowler in any of the alleged constitutional violations. *See generally* Dkt. No. 1. The complaint does not allege that those defendants (1) participated directly in the events giving rise to this action, (2) ever learned of the alleged violation and failed to remedy it, (3) created a policy or custom that resulted in the alleged constitutional violations, (4) acted grossly negligent when managing their subordinates, or (5) failed to act after learning that constitutional violations occurred. *Id.* For these reasons, I recommend dismissal of plaintiffs' section 1983 claims asserted against defendants Miner and Fowler in their individual capacities.

vi. *Plaintiffs' Remaining Claims*

The court has reviewed the remaining claims asserted against defendants Mahar and Vella in their individual capacities. Plaintiffs' complaint, which contains a fair number of detailed factual allegations, is sufficient to pass muster under the relatively modest test of section 1915(e). No determination is made by the court, however, as to the merits of those remaining claims, and specifically whether they may withstand a

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2611384 (N.D.N.Y.)
**(Cite as: 2014 WL 2611384 (N.D.N.Y.))**

properly filed motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

C. *Whether to Permit Amendment*

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ( "The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

**\*7** In this instance, it is possible that the deficiencies identified in this report with respect to plaintiffs' claims may be cured through the inclusion of greater factual detail. For this reason, with the exception of plaintiffs' (1) negligence claim against all defendants to the extent it is asserted pursuant to section 1983; (2) claims asserted against defendant SPD; and (3) damage claims against asserted against defendants Miner, Fowler, Mahar, and Vella in their official capacities (the deficiencies with which are substantive in nature and extend beyond the mere sufficiency of plaintiffs' complaint), I recommend that plaintiffs be granted leave to amend.

In the event plaintiffs choose to file an amended complaint, they are advised that the law in this circuit provides that " 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.' " *Hunt v. Budd,* 895 F.Supp. 35, 38 (N.D.N.Y.1995) (McAvoy, J.) (quoting *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987)); *see also Pourzandvakil v. Humphry,* No. 94–CV–1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in their amended complaint, plaintiffs must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants that allegedly deprived him of his constitutional rights in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass,* 790 F.2d at 263. Finally, plaintiffs are informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).[FN5]

> FN5. In the event plaintiffs fail to file an amended complaint, their original complaint should remain the operative pleading, and the action should proceed only with respect to (1) the section 1983 claims asserted against defendants Mahar, Vella, and John Doe in

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2611384 (N.D.N.Y.)
**(Cite as: 2014 WL 2611384 (N.D.N.Y.))**

their individual capacities; and (2) their neg-
ligence claim arising under to New York
State common law asserted against those
same defendants.

III. *SUMMARY AND RECOMMENDATION*

Some of plaintiffs' section 1983 claims asserted
against the named defendants fail to state a claim upon
which relief may be granted due to deficient pleadings
or because certain defendants are immune from suit. It
is therefore hereby respectfully

RECOMMENDED that plaintiffs' claims asserted
under section 1983 against defendant City of Syra-
cuse, as well as defendants Stephanie Miner and Frank
Fowler in their individual capacities, be dismissed
with leave to replead; and it is further

RECOMMENDED that plaintiffs' claim asserted
under section 1983 against defendant Syracuse Police
Department, as well as defendants Stephanie Miner,
Frank Fowler, A. Mahar, and M. Vella in their official
capacities, be dismissed with prejudice; and it is fur-
ther

**\*8** RECOMMENDED that plaintiff's negligence
claim, to the extent it is asserted pursuant to section
1983, be dismissed with prejudice; and it is further

RECOMMENDED that, in the event this report is
adopted, and plaintiffs fail to file an amended com-
plaint in the time frame set forth by the assigned dis-
trict judge, their original complaint remain the opera-
tive pleading and the action proceed only as against
defendants Mahar, Vella, and Doe in their individual
capacities.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the
parties may lodge written objections to the foregoing
report. Such objections must be filed with the clerk of
the court within FOURTEEN days of service of this
report. FAILURE TO SO OBJECT TO THIS RE-
PORT WILL PRECLUDE APPELLATE REVIEW.
28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72;
*Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993).

It is hereby ORDERED that the clerk of the court
serve a copy of this report and recommendation upon
the parties in accordance with this court's local rules.

Filed May 6, 2014.

N.D.N.Y.,2014.
Dexter v. City of Syracuse
Slip Copy, 2014 WL 2611384 (N.D.N.Y.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



Slip Copy, 2014 WL 2567108 (S.D.N.Y.)
**(Cite as: 2014 WL 2567108 (S.D.N.Y.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Anthony McCORD, Plaintiff,
v.
The CITY OF NEW YORK, et al., Defendants.

No. 13 Civ.2008(AJN).
Signed June 6, 2014.

*MEMORANDUM & ORDER*
ALISON J. NATHAN, District Judge.

**\*1** Before the Court is Defendant the City of New York's (the "City's") unopposed motion to dismiss pro se Plaintiff Anthony McCord's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 15. For the reasons that follow, the City's motion is granted in part and denied in part.

**I. Background**
The following facts are taken from Plaintiff's complaint or judicially noticeable court documents. *See Shmueli v. City of New York,* 424 F.3d 231, 233 (2d Cir.2005).

Plaintiff is currently incarcerated at Sing Sing Correctional Facility. In March 2010, two female witnesses informed New York City Police Department ("NYPD") Detective Patrick Angst that Plaintiff had entered their apartment, assaulted them, raped one of them, and stolen two laptop computers. Angst then swore out a criminal complaint against Plaintiff and arrested him following his identification by one of the witnesses. Def. Ex. B. Plaintiff was indicted by a Kings County grand jury, and on December 2, 2011,

he was convicted of second-degree robbery, second-degree assault, first-degree burglary, and fourth-degree possession of stolen property. He was sentenced to a prison term of twenty-one years to life. Def. Ex. F.

On September 27, 2012, a panel of New York's Appellate Division, Second Department, granted Plaintiff's application for leave to prosecute an appeal in the form of a poor person and assigned him appellate counsel. Def. Ex. G. His appeal remains pending.

In this action, brought under 42 U.S.C. § 1983, Plaintiff raises constitutional challenges to several aspects of his arrest and prosecution. His complaint, which was filed on March 25, 2013, names as Defendants the City, the NYPD, Angst, and Detective Gary Denezzo. Plaintiff claims that Angst and Denezzo entered and searched his dwelling and seized his property without a warrant. Compl. ¶¶ 2–4.[FN1] He also claims that they ignored his repeated requests to have counsel present during his post-arrest interrogation and coerced him to sign a *Miranda* waiver. *Id.* ¶¶ 6. He further alleges that Angst and Denezzo induced the two witnesses to falsely accuse and testify against him, tampered with or failed to collect evidence of their search and seizure of his dwelling, and struck him in the head "without cause or justification for the use of such force." *Id.* ¶¶ 7–11. Plaintiff seeks $10 million in compensatory damages and $3 million in punitive damages.

> FN1. References to specific paragraphs of the complaint refer to the corresponding numbered paragraphs of the City's Exhibit A, which reproduces Plaintiff's original complaint but adds numbered paragraphs.

Plaintiff's case was initially assigned to Judge Ramos, who granted Plaintiff leave to proceed *in*

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2567108 (S.D.N.Y.)
**(Cite as: 2014 WL 2567108 (S.D.N.Y.))**

*forma pauperis* and dismissed his claims against the NYPD because the NYPD is not a suable entity. Dkt. Nos. 4, 7. Plaintiff submitted forms requesting that service on the remaining Defendants be effectuated by the U.S. Marshals; the ECF docket sheet indicates that the Marshals were able to successfully serve the City, but not Angst and Denezzo. Dkt. Nos. 9–11; *see also* Def. Br. at 1 n. 1 (indicating that "[o]n information and belief, as of the date of this Motion, Detectives Angst and Denezzo have not yet been served"). The case was reassigned to the undersigned on August 6, 2013.

**\*2** The City moved to dismiss on October 1, 2013, and the Court directed Plaintiff to either oppose the motion or amend his complaint by October 28, 2013. Dkt. No. 18. After that deadline passed without any submissions from Plaintiff, the Court gave him a final chance to amend or oppose by December 16, 2013. Dkt. No. 19. Plaintiff again failed to submit an opposition brief or amended complaint, and the Court deemed the City's motion fully submitted by order dated January 6, 2014. Dkt. No. 21.

**II. Legal Standard**

Although Plaintiff has not opposed the City's motion, that failure alone is not grounds for dismissal; "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki,* 232 F.3d 321, 322–23 (2d Cir.2000). The Court must therefore evaluate Plaintiff's complaint and determine whether it survives the City's motion. Because Plaintiff is proceeding pro se, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.' " *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (emphasis omitted) (quoting *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir.2006)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While well-pleaded factual allegations must be accepted as true, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (alteration in original) (quoting Fed.R.Civ.P. 8(a)(2)). Therefore, in assessing whether a pleading states a plausible claim to relief, courts disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678.

**III. Discussion**

Construed broadly in Plaintiff's favor, the Complaint contains four claims. The first is an unlawful search and seizure claim: Plaintiff alleges that Defendants entered his home, searched it, and seized his property, all without a warrant. The second is a *Miranda* claim: Plaintiff alleges that Defendants coerced him into making incriminating post-arrest statements without an attorney present. The third claim alleges that Defendants tampered with crime-scene evidence and coerced the two witnesses to testify against him. The final claim is an excessive force claim: Plaintiff alleges that Defendants struck him in the head "without cause or justification."

**A. Heck v. Humphrey**

The Court agrees with the City that Plaintiff's third claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Under *Heck,* a state prisoner may not bring a § 1983 claim that will "necessarily imply" the invalidity of his conviction unless his conviction has already been invalidated. *Id.* at 487. Here, Plaintiff claims that the police coerced witnesses to testify against him, fabricated evidence, and concealed evidence of their own misconduct. At core, these allegations implicate the protections established in *Brady v. Maryland,* 373 U.S. 83 (1963) .[FN2] *See Amaker v. Weiner,* 179 F.3d 48, 49, 51 (2d Cir.1999) (claim that

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2567108 (S.D.N.Y.)
**(Cite as: 2014 WL 2567108 (S.D.N.Y.))**

defendants "conspired to secure plaintiff's conviction ... by manufacturing inculpatory evidence and subsequently suppressing evidence probative of their misconduct" sounded under *Brady* and was therefore barred); *see also Poventud v. City of New York, ––– F.3d ––––, 2014 WL 182313, at \*9 (2d Cir. Jan. 16, 2014)* (en banc) (discussing *Amaker* ). Because a *Brady* violation requires a new trial, Plaintiff's claim necessarily implies that his conviction was invalid. *See Poventud,* 2014 WL 182313, at \*8–9. But Plaintiff's conviction has not already been invalidated; it is currently on appeal. His claim is therefore barred by *Heck.*

> FN2. To the extent that Plaintiff is alleging a malicious prosecution claim, not a *Brady* claim, he fails to state a claim because an essential element of malicious prosecution is termination of the prosecution in the defendant's favor. *See Manganiello v. City of New York,* 612 F.3d 149, 161 (2d Cir.2010). Nor could Plaintiff state a false arrest claim, for similar reasons. *See Cameron v. Fogarty,* 806 F.2d 380, 387 (2d Cir.1986).

**\*3** The City argues that Plaintiff's search and seizure and *Miranda* claims are similarly barred, but *Heck* 's, application to those claims is not as straightforward as the City suggests. In *Heck* itself, the Supreme Court recognized that the introduction at trial of unlawfully seized evidence would "not *necessarily* imply that the plaintiff's conviction was unlawful"—for instance, if the evidence was properly admitted notwithstanding the constitutional violation, or if the admission of the evidence was erroneous but harmless. 512 U.S. at 487 n. 7. In other words, because the admission of unlawfully seized evidence does not always require a conviction to be set aside, a conclusion that evidence was unlawfully seized does not require the further conclusion that the plaintiff's conviction was invalid. The same logic applies to statements obtained in violation of *Miranda,* because the admission of such statements does not inevitably

invalidate a resulting conviction. *See Arizona v. Fulminante,* 499 U.S. 279, 310 (1991); *Jackson v. Suffolk Cnty. Homicide Bureau,* 135 F.3d 254, 257 (2d Cir.1998).

Determining whether Plaintiff's search and seizure and *Miranda* claims are barred by *Heck* would therefore require a careful analysis of whether those claims, if proven, would actually imply the invalidity of Plaintiff s conviction. The Court is not equipped to conduct such an analysis in this procedural posture because the parties have provided no basis from which to assess whether any seized evidence or self-incriminating statements were "essential" to the prosecution's case. *Fifield v. Barrancotta,* 353 F. App'x 479, 481 (2d Cir.2009); *see also, e.g ., Covington v. City of New York,* 171 F.3d 117, 123 (2d Cir.1999) ("[W]e are unable to determine whether success on Covington's Section 1983 false arrest claim would necessarily imply the invalidity of a possible conviction resulting from the criminal proceedings instituted against him based on that arrest, as we have no information before us as to the nature of the evidence which might have been available against him in those proceedings."), *overruled on other grounds by Wallace v. Kato,* 549 U.S. 384 (2007). As a result, the Court cannot conclude that *Heck* bars these claims.

The City advances no other arguments for dismissing Plaintiff's search and seizure claim, which does not suffer from any readily apparent defects that might justify dismissal. Because "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all," the Second Circuit has held that a § 1983 plaintiff alleging an unlawful search or seizure may not recover compensatory damages stemming from his arrest or incarceration. *Townes v. City of New York,* 176 F.3d 138, 147–48 (2d Cir.1999). Instead, such plaintiffs are limited to damages "directly related to the invasion of their privacy-including (where appropriate) damages for physical injury, property damage, injury to reputation, etc." *Id. at 148.* In this case, Plaintiff does not

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2567108 (S.D.N.Y.)
**(Cite as: 2014 WL 2567108 (S.D.N.Y.))**

specify any injury related to the alleged invasion of his privacy; the thrust of his complaint is that he was "arrested and charged with several serious crimes." Compl. ¶ 12. But at this stage, the Court cannot conclusively hold that Plaintiff will be unable to prove properly recoverable damages, so dismissal would be premature. *See Gannon v. City of New York,* 917 F.Supp.2d 241, 244 (S.D.N.Y.2013); *Hayes v. Perotta,* 751 F.Supp.2d 597, 604 (S.D.N.Y.2010). Moreover, if Plaintiff fails to demonstrate compensable injury, punitive or nominal damages may still be available for any Fourth Amendment violation that he succeeds in proving. *See Robinson v. Cattaraugus County,* 147 F.3d 153, 162 (2d Cir.1998) ("We have long recognized in § 1983 cases that punitive damages may be awarded even in the absence of a compensatory award."); *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 651 (2d Cir.1998) ("Although [plaintiff] did not specifically request nominal damages in its pleadings, we have not precluded the award of nominal damages ... if the complaint explicitly sought compensatory damages."). The Court therefore denies the City's motion to dismiss Plaintiff's search and seizure claim.

**B. Collateral Estoppel**

**\*4** By contrast, Plaintiff's *Miranda* claim fails for an independent reason: he is collaterally estopped from raising it. Plaintiff's allegations—that the police ignored his request for counsel and coerced him into signing a *Miranda* waiver—were the subject of a pre-trial evidentiary hearing, pursuant to *People v. Huntley,* 15 N.Y.2d 72 (1965), in the New York trial court. Def. Ex. E at 1. That court rejected Plaintiff's attempt to suppress his post-arrest statements because it found that he had knowingly and voluntarily waived his rights. *Id.* at 3–7.

Federal courts, including in § 1983 cases, are obliged to give the same effect to state-court criminal decisions "as would be given to those decisions by the law of the state in which the judgment was rendered." *Johnson v. Watkins,* 101 F.3d 792, 794 (2d Cir.1996);

see 28 U.S.C. § 1738; *Allen v. McCurry,* 449 U.S. 90, 103–04 (1980). Under New York law, collateral estoppel applies when (1) there is "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) the party against whom estoppel is raised had "a full and fair opportunity to contest the decision now said to be controlling." *Johnson,* 101 F.3d at 795 (quoting *Schwartz v. Public Adm'r of Bronx Cnty.,* 24 N.Y.2d 65, 71 (1969)) (internal quotation marks omitted). As noted above, the issues raised in Plaintiff's *Miranda* claim in this Court are identical to the ones decided by the New York trial court, and there is nothing to suggest that Plaintiff did not have a "full and fair opportunity" to contest that court's conclusions. Accordingly, his *Miranda* claim is barred by collateral estoppel.[FN3] *See Hayes v. County of Sullivan,* 853 F.Supp.2d 400, 426–27 (S.D.N.Y.2012); *Mitchell v. Hartnett,* 262 F.Supp.2d 153, 155 (S.D.N.Y.2003).

> **FN3.** The pendency of Plaintiff's appeal does not affect this conclusion. *See Robinson v. Allstate,* 706 F.Supp.2d 320, 324–25 (W.D.N.Y.2010); *Chi. Ins. Co. v. Fasciana,* No. 04 Civ. 7934(LAP), 2006 WL 3714310, at \*4 (S.D.N.Y. Dec. 13, 2006); *Macfarlane v. Village of Scotia,* 86 F.Supp.2d 60, 64–65 (N.D.N .Y.2000); *Chariot Plastics, Inc. v. United States,* 28 F.Supp.2d 874, 881 (S.D.N.Y.1998).

**C. Excessive Force**

Finally, the City argues that Plaintiff's excessive force claim should be dismissed because he fails to allege that he was injured when he was struck in the head. Claims of excessive force in the context of arrests are analyzed under a Fourth Amendment reasonableness standard: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor,* 490 U.S. 386, 397 (1989). Although there is some inconsistency among lower courts on the question of how seriously a plaintiff must be injured in

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2567108 (S.D.N.Y.)
**(Cite as: 2014 WL 2567108 (S.D.N.Y.))**

order to prevail on a Fourth Amendment excessive force claim, *see Yang Feng Zhao v. City of New York,* 656 F.Supp.2d 375, 390–91 (S.D.N.Y.2009) (discussing this issue), the Second Circuit has recognized that some minimum amount of force must be shown. *See, e.g., Robison v. Via,* 821 F.2d 913, 923 (2d Cir.1987) (reversing denial of summary judgment where evidence did not "come[ ] close to describing force that was injurious, malicious, or excessive"). This requirement is consistent with the fact that "[n]ot every push or shove ... violates the Fourth Amendment." *Graham,* 490 U.S. at 396 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973) (Friendly, J.)) (internal quotation mark omitted).

**\*5** The sum total of Plaintiff's allegations regarding Defendants' use of force is a statement that Defendants "[s]tr[uck][him] in the head without cause or justification for the use of such force." Compl. ¶ 11. Stripped of legal conclusions, *see Iqbal,* 556 U.S. at 679, this amounts to a factual assertion that Plaintiff was struck in the head. Because Plaintiff has not set forth any additional facts plausibly suggesting that this blow to his head was either more than de minimis or objectively unreasonable under the circumstances, he has not sufficiently pled a Fourth Amendment violation. *See Betts v. Shearman,* No. 12 Civ. 3195(JPO), 2013 WL 311124, at *10–11 (S.D.N.Y. Jan. 24, 2013); *Guo Hua Ke v. Morton,* No. 10 Civ. 8671(PGG), 2012 WL 4715211, at *11 (S.D.N.Y. Sept. 30, 2012). In light of this pleading failure, the Court need not decide whether the City is correct that Plaintiff's failure to receive medical attention is sufficient to show that any use of force was de minimis as a matter of law. *But see Chambers v. Pennycook,* 641 F.3d 898, 906 (8th Cir.2011) ("[I]t is logically possible to prove an excessive use of *force* that caused only a minor *injury,* and a rule that forecloses a constitutional claim in that circumstance focuses on the wrong question."). Plaintiff's excessive force claim is dismissed.

**D. False IFP Application**

In a footnote, the City argues that Plaintiff's complaint should be dismissed in its entirety because he falsely claimed *in forma pauperis* status. Def. Br. at 2 n. 2. The basis for this argument is the fact that Plaintiff settled a previous lawsuit against the City in January 2013, but did not disclose any income on the *in forma pauperis* application submitted along with his complaint in this action. At this stage, it would be premature to dismiss Plaintiff's claims on this ground. Although Plaintiff's settlement agreement indicates that he would receive $3,000 from the City, *see* Stipulation of Settlement & Order of Dismissal ¶ 2, *McCord v. Rhoe,* No. 11 Civ. 5850(WHP) (S.D.N.Y. Jan. 9, 2013), ECF No. 32, Plaintiff's application in this action is dated March 22, 2013—relatively shortly after that agreement was signed—and it is possible that the settlement payment was not remitted to Plaintiff immediately. In the case that the City cites, there was actual evidence that "over $4000 was deposited in Plaintiff's inmate account" but was not reported on three subsequent *in forma pauperis* applications. Order at 1, *Francis v. Scott,* No. 11 Civ. 4589(LTS)(RLE) (S.D.N.Y. July 5, 2012), ECF No. 33. Given the absence of such evidence here, the Court declines to dismiss Plaintiff's complaint at this stage.

**IV. Conclusion**

For the foregoing reasons, the City's motion is granted in part and denied in part. Plaintiff's claims are dismissed insofar as they center on (1) Defendants' alleged tampering with evidence and coercion of witnesses, (2) Plaintiff's interrogation, and (3) Defendants' alleged use of force. Plaintiff's Fourth Amendment search and seizure claim survives.

**\*6** Three final notes. First, to the extent that Plaintiff's claims are dismissed, dismissal is without prejudice. With respect to his evidence-tampering and witness-coercion (*Brady*) claim, *Heck* permits only without-prejudice dismissal because the claim may be reinstated should Plaintiff's conviction eventually be invalidated. *See Amaker,* 179 F.3d at 52. Similarly, the collateral estoppel bar to Plaintiff's *Miranda* claim

Slip Copy, 2014 WL 2567108 (S.D.N.Y.)
**(Cite as: 2014 WL 2567108 (S.D.N.Y.))**

may dissolve if the Second Department disagrees with the trial court's disposition of Plaintiff's motion to suppress his post-arrest statements. This Court will "retain jurisdiction ... in order to act on any motion arising from a reversal of the supreme court's judgment by the appellate division." *Petrella v. Siegel,* 843 F.2d 87, 90 (2d Cir.1988); *see also Chi. Ins. Co. v. Fasciana,* No. 04 Civ. 7934(LAP), 2006 WL 3714310, at *4 (S.D.N.Y. Dec. 13, 2006). And although Plaintiff's bare-bones excessive force allegations currently fail to state a claim, he may be able to "contextualize his claim with facts that bolster this particular allegation's plausibility." *Betts,* 2013 WL 311124, at *11. The Court will therefore allow Plaintiff an opportunity to re-plead his excessive force claim.

Second, as noted above, it appears that the individual Defendants in this case, Angst and Denezzo, have not been served. This action cannot proceed against those Defendants if they have not been served. Notably, to the extent that Plaintiff's claims survive against the City alone, and not the individual Defendants, they are subject to the standards for § 1983 municipal liability set forth in *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

Third, the Court notes that it may be appropriate to stay this action pending resolution of Plaintiff's criminal appeal. If Plaintiff's appeal challenges the same conduct that forms the basis of his search and seizure claim, the possibility that the Second Department will dispose of that challenge counsels hesitation before proceeding further on that claim in this Court. The Second Circuit has suggested that a stay may be appropriate under similar circumstances, "with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views ." *Giulini v. Blessing,* 654 F.2d 189, 193 (2d Cir.1981); *see also Kirschner v. Klemons,* 225 F.3d 227, 237–39 (2d Cir.2000); *Jackson,* 135 F.3d at 257. However, this Court is currently unable to ascertain whether the Second Department will, in fact,

be addressing the same Fourth Amendment issues that Plaintiff raises here; if not, there would seem to be no reason to stay the litigation of his remaining claim.

In light of the foregoing, it is hereby ORDERED that Plaintiff must submit a letter to the Court by July 7, 2014. His letter should indicate whether he wishes to file an amended complaint or instead rest on his original complaint without re-pleading his excessive force claim. If Plaintiff wishes to file an amended complaint, he should include a proposed amended complaint with his letter. Plaintiffs letter should also indicate whether he wishes to maintain his claims against Angst and Denezzo. The Court will consider extending his time to serve those Defendants if he demonstrates good cause for his failure to serve them within 120 days of the summons being issued. *See* Fed.R.Civ.P. 4(m). Plaintiff is cautioned that, in light of his prior lack of communication regarding the City's motion to dismiss, *failure to submit a letter by the July 7 deadline may result in dismissal of his remaining claim for failure to prosecute. See, e.g., Robinson v. Sposato,* No. 13 Civ. 3334(JFB)(WDW), 2014 WL 1699001, at *2 (E.D.N.Y. Apr. 24, 2014) (dismissing prisoner's suit for failure to prosecute because "plaintiff has shown no interest in continuing with this action").

**\*7** It is further ORDERED that the City shall submit, by June 27, 2014, a letter regarding whether a stay of this action would be appropriate in light of the above-cited cases and any other relevant authority. Plaintiff may respond by letter on or before July 7.

This resolves Docket No. 15.

SO ORDERED.

S.D.N.Y.,2014.
McCord v. City of New York
Slip Copy, 2014 WL 2567108 (S.D.N.Y.)

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 2567108 (S.D.N.Y.)
**(Cite as: 2014 WL 2567108 (S.D.N.Y.))**

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.