UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAWRENCE M. BRADFORD,

                                         Plaintiff,            7:14-CV-1017
                                                               (DNH/TWD)

            v.

CHAD FREDRICK and SHANE RYAN,
POLICE OFFICERS,

                                         Defendants,

_____

APPEARANCES:                              OF COUNSEL:

LAWRENCE M. BRADFORD, 13-B-2878
Plaintiff *pro se*
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, New York 13669

BOND, SCHOENECK & KING, PPLC              SUZANNE O. GALBATO, ESQ.
Attorney for Defendants
One Lincoln Center
Syracuse, New York 13202

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

## I.    INTRODUCTION

    This matter is presently before the Court to consider whether this action should be dismissed

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon *pro se* Plaintiff Lawrence

M. Bradford's failure to prosecute.

## II.    PROCEEDINGS TO DATE

    Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 in August 2014.

(Dkt. No. 1.)

On February 27, 2015, the Court sent a letter to the Superintendent of Ogdensburg Correctional Facility ("Ogdensburg"). (Dkt. No. 12.) The mail was returned with a letter from the Inmate Records Coordinator at Ogdensburg advising the Court that Plaintiff was no longer in custody, as he was released on February 20, 2015. (Dkt. No. 13.)

On March 24, 2015, the Court sent a copy of a Decision and Order to Plaintiff's last known address at Ogdensburg. (Dkt. No. 16.) The mail was returned as undeliverable on April 15, 2015. (Dkt. No. 19.)

On April 27, 2015, the Court ordered that Plaintiff provide his current address to the Court and "show good cause as to why the Court should not recommend that [the] action be dismissed for failure to prosecute and/or failure to follow Local Rule 10.1(b) on or before May 26, 2015." (Dkt. No. 21.) The Order was again returned as undeliverable. (Dkt. No. 22.) The return envelope was marked "Return to Sender - Not Deliverable As Addressed - Unable to Forward - Not Here." *Id.*

Plaintiff failed to provide his current address and show good cause as to why the complaint should not be dismissed on or before the May 26, 2015, deadline. Plaintiff has not made contact with the Court since November 2014. (Dkt. No. 9.) On June 8, 2015, Defendants requested dismissal of the action. (Dkt. No. 23.) Pursuant to the Court's text order (Dkt. No. 24) Defendants served a copy of the request to dismiss on Plaintiff at his last known address. (Dkt. No. 26.) Defendants notified the Court that the copy of the motion was returned to them stamped "Not Here, Return to Sender." *Id.*

As of the date of this Report and Recommendation, Plaintiff has failed to contact the Court with his address or show good cause why the action should not be dismissed for failure to prosecute. For the reasons discussed below, I recommend that the Court grant Defendants' request to dismiss the

2

action.

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, at its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (applying Rule 41(b) to failure to comply with local rules of practice). This power to dismiss for failure to prosecute may be exercised when necessary to "achieve orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

The appropriateness of dismissing an action pursuant to Rule 41(b) is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order [or the court's procedural rules], (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). However, with regard to *pro se* litigants, Rule 41(b) dismissal "remains a harsh remedy to be utilized only in extreme situations," and *pro se* plaintiffs "should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

Local Rule 10.1(c)(2) requires that all *pro se* litigants "immediately notify the Court of any change of address." L.R. 10.1(c)(2). Plaintiff has not complied with this rule. The Court must

3

therefore determine whether dismissal is appropriate.

With regard to the first factor, the Second Circuit has noted that a *pro se* plaintiff's one-month failure to comply with a court order did not weigh heavily in favor of dismissal, as *pro se* litigants "lack[] the professional and institutional support of a paid advocate." *LeSane*, 239 F.3d at 210. Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." L.R. 41.2(a). Here, Plaintiff last communicated with the Court regarding this action on November 6, 2014, more than seven months ago. (Dkt. No. 9.) Despite various letters from the Court attempting to contact Plaintiff, Plaintiff has not been located and has failed to communicate with the Court and Defendants since that time. As Plaintiff has failed to take action for more than four months, there is a presumptive evidence of lack of prosecution. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the Court attempted to place Plaintiff on notice that failure to comply would result in dismissal. The Court instructed Plaintiff to provide his current address and to show good cause as to why the Court should not recommend that the action be dismissed for failure to prosecute. (Dkt. No. 21.) Therefore, the second factor weighs in favor of dismissal. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met").

With respect to the third factor, "prejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, although prejudice to Defendants can be presumed, there is no evidence that Defendants would be particularly

prejudiced by further delay in the proceedings.  Defendants have not made any statements that they would be prejudiced by any further delay.  Therefore, I find this factor does not weigh heavily in favor of dismissal.

With respect to the fourth factor, the Administrative Office of the United States Courts classifies this district as a "congested" court that experiences an unusually high disposition time. *Hamilton v. Graziano*, No. 9:12-CV-0744 (TJM/DEP), 2014 U.S. Dist. LEXIS 173794, at *10 n.3, 2014 WL 7151595, at *4 n.3 (N.D.N.Y. Sept. 30, 2014[1]).[2]  This Court has a responsibility to manage its docket to decrease that congestion.  Plaintiff has failed to advise the Court of his whereabouts and thus has demonstrated little interest in being heard.  Therefore, the fourth factor weighs in favor of dismissal.

With respect to the fifth factor, the Court has not considered sanctions less drastic than dismissal.  However, given that Plaintiff cannot be located, no other lesser sanctions can effectively be imposed.  For example, no monetary sanctions can be imposed, nor can the Court take into account and effectively sanction the consequences of Plaintiff's delay through any motions or while scheduling discovery.  *Compare Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014) (noting that "extreme sanctions" such as dismissal were unwarranted where the district court had the power to "set and enforce . . . deadlines for discovery [and] . . . take into account the consequences of plaintiff's . . . delay as it addresses any . . . motion[s] and schedules and oversees discovery").  Therefore, this factor weighs

---

[1]     Lexis and Westlaw list different dates for this decision.  The Court has used the date listed by Lexis, which reflects the date on which the magistrate judge's report and recommendation containing the relevant language was issued.

[2]     The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

5

in favor of dismissal.

After a balancing of all five of the factors set out in *Lucas* and cognizant of the special solicitude extended to *pro se* Plaintiffs in the Second Circuit, I recommend that the present action be dismissed. Plaintiff last contacted the Court more than seven months ago, in November 2014, and was notified on several occasions that failure to provide his current address and comply with Court orders could result in dismissal of the action. Most importantly, there are no lesser sanctions that can effectively be imposed on Plaintiff because he cannot be located. Accordingly, the only viable sanction is dismissal.

## IV.     CONCLUSION AND RECOMMENDATION

Taking into account the special consideration afforded to *pro se* Plaintiffs, I recommend that the Court grant Defendants' request to dismiss the complaint. Plaintiff has failed to comply with Court orders since November 2014 (more than seven months ago) and was notified on several occasions that failure to provide his current address could result in the dismissal of the action. Most importantly, however, there are no lesser sanctions that can effectively be imposed in this case as Plaintiff cannot be located. As such, this situation presents "extreme circumstances" that warrant the harsh sanction of dismissal.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court **<u>GRANT</u>** Defendants' request to dismiss (Dkt. No. 23) without prejudice; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Hamilton v. Graziano*, No. 9:12-CV-0744 (TJM/DEP), 2014 U.S. Dist. LEXIS 173794, 2014 WL 7151595 (N.D.N.Y. Sept. 30, 2014).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.


Dated: July 6, 2015
      Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

2014 WL 7151595
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Ralik HAMILTON, Plaintiff,
v.
Michael GRAZIANO, Superintendent, Greene
Correctional Facility, et al., Defendants.

No. 9:12–cv–0744 (TJM/TWD). | Signed
Dec. 12, 2014. | Filed Dec. 15, 2014.

**Attorneys and Law Firms**

Ralik Hamilton, Niagara Falls, NY, pro se.

Hon. Eric T. Schneiderman, New York State Attorney
General, Stephen M. Kerwin, Esq., Assistant Attorney
General, of Counsel, Albany, NY, for Defendant.

**DECISION & ORDER**

THOMAS J. McAVOY, Senior District Judge.

**I. INTRODUCTION**

 **\*1** This *pro se* action brought pursuant to 42 U.S.C. §
1983, was referred to the Hon. David E. Peebles, United
States Magistrate Judge, for a Report and Recommendation
pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). No
objections to Magistrate Judge Peebles's Order and Report–
Recommendation [dkt. # 39] have been filed, and the time to
do so has expired.

**II. DISCUSSION**

After examining the record, this Court has determined that the
Order and Report–Recommendation is not subject to attack
for plain error or manifest injustice.

**III. CONCLUSION**

Accordingly, the Court **ADOPTS** the Order and Report–
Recommendation [dkt. # 39] for the reasons stated therein.
Therefore, Defendants' motion to dismiss [dkt. # 38] is
**GRANTED,** and Plaintiff's amended complaint in this action
is **DISMISSED** in its entirety as against both defendants, with
prejudice, based upon his failure to prosecute and to appear

for deposition in the action, as required by court order. The
Clerk may close the file in this matter.

**IT IS SO ORDERED.**

*REPORT AND RECOMMENDATION*

DAVID E. PEEBLES, United States Magistrate Judge.

*Pro se* plaintiff Ralik Hamilton, a former New York State
prison inmate, commenced this action against two employees
of the New York State Department of Corrections and
Community Supervision ("DOCCS"), pursuant to 42 U.S.C.
§ 1983, alleging the deprivation of his rights under the
Eighth Amendment to the United States Constitution. In his
complaint, plaintiff asserts that, while incarcerated, one of the
defendants was deliberately indifferent to his serious medical
condition by failing to provide him with antidepressant
medication, and the other defendant assaulted him when he
complained of the matter.

During the course of pretrial discovery, plaintiff prematurely
abandoned one deposition after being uncooperative and
argumentative, and failed to appear at a second scheduled
deposition. Based upon that conduct, defendants now seek
dismissal of plaintiff's complaint pursuant to Rules 37 and 41
of the Federal Rules of Civil Procedure. For the reasons set
forth below, I recommend that defendants' motion be granted.

**I.** *BACKGROUND*

Plaintiff, a former inmate who is no longer in the custody
of the DOCCS, commenced this action with the filing of
a complaint and application to proceed *in forma pauperis*
("IFP") on May 3, 2012. Dkt. Nos. 1, 2; *see also* Docket
Entry Dated Mar. 25, 2014. Generally, plaintiff alleges that
defendant Michael Graziano, the superintendent at the Greene
Correctional Facility, failed to investigate plaintiff's claim
that he was denied antidepressant medication prescribed prior
to his transfer into that facility, and, after complaining of that
failure, defendant Fielder, a corrections officer, was verbally
abusive and threw him to the ground, causing him to suffer
bruises to his face. *Dkt. No. 21 at 2–4.*

Following the defendants' filing of a motion to dismiss
plaintiff's claim for failure to state a claim, the court
dismissed plaintiff's claim against defendant Graziano but
granted him leave to file an amended complaint. Dkt. Nos.
19, 22. Plaintiff thereafter filed an amended complaint, which

the court accepted for filing, and discovery in the matter commenced following the filing of defendants' answer and the court's issuance of a pretrial discovery and scheduling order. Dkt. Nos. 21, 26, 27. Significantly, the court's scheduling order, *inter alia,* granted defendants leave to take plaintiff's deposition, and explained that, should plaintiff fail to attend, be sworn, or answer appropriate questions at deposition, sanctions could result, including dismissal of the action. *Dkt. No. 27 at 3–4.*

 **\*2** On February 4, 2014, defendants served a notice of deposition on plaintiff, informing him that he would be deposed on February 21, 2014, by video conference, at the Wende Correctional Facility ("Wende"), the facility in which he was confined at the time. *Dkt. No. 31–2 at 1.* The notice of deposition also warned of the possible sanctions, including dismissal, should plaintiff fail to appear for a deposition or properly answer questions directed to him during that deposition. *Id.*

On February 21, 2014, plaintiff and a court reporter appeared for the scheduled deposition at Wende. *Dkt. No. 31–1 at 1–2.* A video link was established between Wende and the Office of the Attorney General in Albany, New York, where counsel for the defendants was located. *Id.* at 2. Prior to the commencement of the deposition, plaintiff requested an adjournment, indicating he wished to have an attorney represent him. *Id.* Citing the impending discovery deadline, defendants declined to adjourn the deposition, and commenced questioning the plaintiff. *Id.* After approximately forty-five minutes of questioning, during which plaintiff was unresponsive and argumentative, accusing defendants' counsel of being unprofessional and wasting his time, plaintiff left the deposition, without being excused, and did not return. *Id.* at 2–3; *Dkt. No. 33 at 32.*

On March 3, 2014, defendants filed a motion to compel seeking an order requiring plaintiff to reappear for the completion of his deposition. *Id.* Although plaintiff did not respond in writing, he participated in a scheduled telephone conference held by the court on March 24, 2014 to address defendants' motion. Text Minute Entry Dated Mar. 24, 2014. At that time, plaintiff stated he was hoping to retain counsel, and the court consequently adjourned the matter until May 12, 2014. *Id.*

On May 12, 2014, the parties convened again for a telephone conference to discuss defendants' motion to compel. Text Minute Entry Dated May 12, 2014. After plaintiff explained

to the court he was unable to secure counsel, the court granted defendants' motion to compel, and directed plaintiff to appear for deposition on June 10, 2014, at 12:00 p.m. at the New York State Attorney General's Office in Albany, New York. [1] *Id. See also* Dkt. No. 37.

Defendants thereafter served plaintiff by U.S. mail with an amended notice of deposition on May 15, 2014. *Dkt. No. 38–1.* In accordance with the court's order, the amended notice informed plaintiff that he would be deposed at the Attorney General's Office in Albany, at 12:00 p.m. on June 10, 2014. *Id.* at 1–3. The amended notice also again warned plaintiff of the possible sanctions, including dismissal, that could result if he did not appear for the deposition and answer the questions directed to him. *Id.* at 2.

On June 10, 2014 at 12:09 p.m., plaintiff telephoned defendants' attorney explaining he would be unable to attend the deposition because his ride to Albany was unavailable due to illness. *Dkt. No. 38–1 at 4.* Plaintiff also requested that any rescheduled deposition take place at a location closer to Buffalo, New York, where he currently resides. *Id.*

 **\*3** On June 13, 2014, defendants filed the pending motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. *Dkt. No. 38.* Plaintiff has failed to file a response in opposition, and the deadline for doing so was July 15, 2014.

## II. *DISCUSSION*

The failure of a party to appear for a properly noticed deposition implicates two separate provisions of Rule 37 of the Federal Rules of Civil Procedure. Rule 37(b)(2) provides for a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed.R.Civ.P. 37(b)(2); *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 101 (2d Cir.1995). Among those available sanctions is dismissal of an action, in whole or in part. Fed. Civ. P. Rule 37(b)(2)(A)(v); *see Linde v. Arab Bank, PLC,* 269 F.R.D. 186, 196 (E.D.N.Y. July 12, 2010) ("Such sanctions may include ... dismissing a claim or the entire action or granting a default judgment against the disobedient party[.]"). In addition, Rule 37(d) permits the court to issue the appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed.R.Civ.P. 37(d) (1)(A); *see Dixon v. Albany Cnty. Bd. of Elections,* No. 08– CV–0502, 2010 WL 1171225, at \*2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted*

by 2010 WL 1171483 (N.D.N.Y. Mar.22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b) ] against a party for failing to attend his or her deposition."). [2] While courts in this circuit have a duty to extend special solicitude to *pro se* litigants like plaintiff, those litigants are not excused from complying with court orders. *See McDonald v. Head of Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988)* (affirming the district court's dismissal of a *pro se* plaintiff's complaint due to the plaintiff's bad faith non-compliance with a court order).

In this instance, plaintiff failed to comply with the court's pretrial discovery order, which required him to submit to a deposition pursuant to a notice mailed to him at least fifteen days prior to the scheduled deposition date. *Dkt. No. 27 at 3–4.* The order required plaintiff to "attend, be sworn, and answer appropriate questions" at a properly noticed deposition, and yet plaintiff voluntarily abandoned the deposition on February 21, 2014, which had been properly noticed by defendants. *Id.* at 4; *see also Dkt. No. 31–2.* In addition, plaintiff failed to appear at a second deposition, as required by the court's pretrial order and text order issued on May 12, 2014, without good cause. *Dkt. No. 38–1 at 4.* Although plaintiff told defendants' counsel that he could not attend the deposition because his ride was unavailable, his failure to notify counsel until ten minutes after the deposition was scheduled to begin renders this excuse not credible in light of the fact that he now resides more than four hours from Albany and would have known his ride was unavailable hours before he called counsel. Based upon these circumstances, Rule 37 authorizes the issuance of sanctions against a plaintiff, which could include dismissal of his complaint.

**\*4** In addition to Rule 37, defendants' motion invokes Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed.R.Civ.P. 41(b); *Baptiste v. Sommers,* —— F.3d ——, No. 13–3079, 768 F.3d 212, 2014 WL 4723272, at *3 (2d Cir. Sept.24, 2014); *Rodriguez v. Goord,* No. 04–CV–0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Baptiste,* 768 F.3d 212, 2014 WL 4723272, at *3 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of

sanctions' " (quoting *Mitchell v. Lyons Prof'l Servs., Inc.,* 708 F.3d 463, 467 (2d Cir.2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste,* 768 F.3d 212, 2014 WL 4723272, at *3; *see also Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 193 (2d Cir.1999) (applying factors in a failure to prosecute action); *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994). I have carefully evaluated these five factors, and find that they weigh decidedly in favor of dismissal.

This case has been pending for over two years, and it is quite possible that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.,* 167 F.R.D. 24, 25 (S.D.N.Y.1996) ("The passage of time always threatens difficulty as memories fade."). Plaintiff was adequately warned of the consequences of his failure to appear for a deposition by the court and defendants' two notices of deposition. *Dkt. No. 27; Dkt. No. 31–2; Dkt. No. 38–2.* Given plaintiff's manifest disinterest in pursuing his claims in this action, as evidenced by his voluntary abandonment of the first deposition, his failure to attend the second deposition in derogation of the court's order, and his failure to oppose the pending motion to dismiss, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard in this matter. [3]

**\*5** As required, I have considered less-drastic sanctions, but reject them. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile in light of his history of non-compliance with court directives and defendants' legitimate discovery requests. In addition, in light of plaintiff's IFP status, I do not find that issuing monetary sanctions, including attorney's fees and costs associated with the two failed depositions, would be an effective remedy.

Given plaintiff's conduct, it appears that the ultimate sanction of dismissal is warranted.

### III. *SUMMARY AND RECOMMENDATION*

Through his actions, plaintiff has demonstrated a repeated failure to cooperate with both defendants' counsel and the court so that this action can be fairly, efficiently, and timely adjudicated on its merits. Based upon plaintiff's failure to comply with the court's order and defendants' notice that he appear for deposition in the face of explicit warnings that his failure to cooperate could result in dismissal of the complaint, I conclude that plaintiff's complaint should be dismissed. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (*Dkt. No. 38* ) be GRANTED, and that plaintiff's amended complaint in this action be DISMISSED in its entirety as against both defendants, with prejudice, based upon his failure to prosecute and to appear for deposition in the action, as required by court order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Filed Sept. 30, 2014.

Not Reported in F.Supp.2d, 2010 WL 1171225 (N.D.N.Y.)

(Cite as: 2010 WL 1171225 (N.D.N.Y.))

**H**

Only the Westlaw citation is currently available. **This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

**United States District Court,**

**N.D. New York. Clifton M. DIXON; Justus4us, the Poor People's Campaign, Inc.; Louis W. Brown; Frances Poole; and Cleo B. CArter, Plaintiffs,**

**v.**

**ALBANY COUNTY BOARD OF ELECTIONS; Virginia Maffia Tobler; Albany County Democratic Committee; County of Albany; Jaqueline F. Jones; Wanda F. Willingham; James Frezzell; Stephanie Galka; Matthew Galka; and Matthew Clyne, Defendants.**

**No. 08–CV–502 (GLS/DRH).**

**Feb. 18,2010.**

Clifton M. Dixon, Albany, NY, pro se.

Samuel N. Iroeghu, Esq., Albany, NY, for Plaintiff Justus4us.

Louis W. Brown, Albany, NY, pro se.

Frances Poole, Albany, NY, pro se.

Cleo B. Carter, Albany, NY, pro se.

**\*6** Napierski, Vandenburgh & Napierski, L.L.P., *Thomas J. O'connor, Esq., ASA S. Neff, Esq.,* of Counsel, Albany, NY, for Board of Elections defendants.

*William J. Conboy, II, Esq.,* Albany, NY, for Defendant Maffia Tobler.

Crane, Parente & Cherubin, *Clemente J. Parente, Esq.,* of Counsel, Albany, NY, for Defendant Democratic Committee.

Feeney, Centi & Mackey, *L. Michael Mackey, Esq.,* of Counsel, Albany, NY, for Defendant Jones.

DerOhannesian & DerOhannesian, *Paul DerOhannesian, II, Esq., Jennifer C. Zegarelli, Esq.,* of Counsel, Albany, NY, for Defendant Willingham.

### REPORT–RECOMMENDATION AND ORDER

*DAVID R. HOMER,* United States Magistrate Judge.
**\*1** Presently pending are the motions of defendants Albany County Board of Elections, County of Albany, James

Frezzell, Stephanie Galka, Matthew Galka, and Matthew Clyne (collectively "Board of Elections defendants") and defendant Wanda Willingham ("Willingham") for dismissal of the complaint and other sanctions pursuant to *Fed.R.Civ.P. 37* for plaintiffs' various alleged discovery failures and, in particular, the failure to attend depositions. Docket Nos. 86, 106. The other defendants have joined or are deemed to have joined the motions. *See* Docket Nos. 95, 102. Plaintiffs have filed no opposition to the motions. For the reasons which follow, it is recommended that defendants' motions be granted in part and denied in part. [1]

## I. Plaintiffs' Failure to Respond to the Motions

Defendants' motions were filed on June 17 and September 30, 2009. Docket Nos. 86, 106. Any response from any plaintiff was required to be filed no later than November 2, 2009. Docket No. 106. No plaintiff filed a response prior to that date. On January 5, 2010, plaintiff pro se Clifton M. Dixon ("Dixon") requested and received an extension of fourteen days to file a response. Docket No. 111; Text Order dated 1/6/10. Still, no response has ever been filed by any plaintiff.

Relief "should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." *Champion v. Artuz, 76 F.3d 483, 486 (2d Cir.1996).* The moving defendants provided such notice in their Notices of Motion here. Docket No. 86, 106. Despite these notices, all plaintiffs failed to respond. "The fact that there has been no response ... does not ... mean that the motion is to be granted automatically." *Champion,* 76 F.3d at 436. Even in the absence of a response, a defendant is entitled to relief only if the material facts demonstrate his or her entitlement to the relief sought as a matter of law. *Id.*

 **\*7** Because all plaintiffs have failed to respond to raise any question of material fact, the facts as set forth in defendants' supporting affirmations (Docket Nos. 86–1, 106–2) are accepted as true. *Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., No. 00–CV1619, 2002 WL 449757, at \*1 (N.D.N.Y.Mar.18, 2002)* (McAvoy, J .) (citing *Lopez v. Reynolds, 998 F.Supp. 252, 256 (W.D.N.Y.1997)* ); *see also* N.D.N.Y.L.R. 7.1(a)(3) ("The *Court shall deem admitted any facts set forth ... that the opposing party does not specifically controvert.*") (emphasis in original). Accordingly, the facts asserted by the moving defendants in their supporting

affirmations will be accepted as true for purposes of their motions.

## II. Background

Dixon was a candidate for Albany County legislator for the Fourth District in 2007 and sought the nominations of the Democratic and Independence Parties in the September primary. Compl. (Docket No. 1) at ¶ 3. Plaintiff Justus4us is a community organization which, *inter alia,* encourages eligible citizens in Albany to register and to vote. *Id.* at ¶ 4. Dixon serves as its President. *Id* . at ¶ 3. Plaintiffs pro se Louis W. Brown ("Brown"), Frances Poole ("Poole", and Cleo B. Carter ("Carter") all reside in the Fourth District and are registered to vote in the Democratic Party. Compl. at ¶¶ 5, 7, 8. [2] Defendants Virginia Maffia Tobler and Jaqueline E. Jones were candidates for the Democratic nomination in the Fourth District with Dixon and the remaining defendants allegedly performed various functions during the September 2007 primary. *Id.* at ¶¶ 9–20. Dixon lost the primary for the Democratic nomination to Maffia Tobler and for the Independence Party to another individual. *Id.* at ¶¶ 130–31. This action followed.

**\*2** Plaintiffs filed their complaint on May 12, 2008 alleging various constitutional defects in the primary election process in violation of the Civil Rights Act of 1965, *42 U.S.C. § 1981 et seq.* Compl. On September 15, 2008, a conference was held with the Court pursuant to *Fed.R.Civ.P. 16,* a schedule was set for completion of the case, and a Uniform Pretrial Scheduling Order incorporating that schedule was entered. Docket No. 47. Discovery commenced and on January 26, 2009, the Board of Elections defendants served all individual plaintiffs with notices to take their oral depositions on February 24, 2009. Neff Affirm. (Docket No. 86–1) at ¶¶ 5–7 & Ex. D. The depositions were confirmed by a letter to all parties dated February 20, 2009. *Id.* at ¶ 8 & Ex. E. No plaintiff appeared for the depositions and no plaintiff contacted defendants prior thereto. *Id.* at ¶ 9.

 **\*8** At defendants' request, a conference was held with the Court on March 12, 2009 following which an order was entered compelling plaintiffs Brown, Poole, and Carter to appear for oral deposition on June 1, 2009 at the federal courthouse in Albany. Docket No. 82. The order explicitly advised these plaintiffs that if they again failed to appear for the depositions, the Court could impose sanctions upon them and that the sanctions could include dismissal of their

claims. *Id.* The order was mailed to all pro se plaintiffs. Docket entry dated 3/13/09. Defense counsel appeared at the scheduled place and time for the depositions with a retained stenographer, but plaintiffs Brown, Poole, and Carter all failed to appear and without prior notice to any defendant. Neff Affirm. at ¶¶ 14–16, 19 & Ex. I; Zegarelli Affirm. (Docket No. 106–2) at ¶ 15.

### III. Discussion

Defendants seek sanctions, including dismissal of the complaint, against all plaintiffs pursuant to *Fed.R.Civ.P. 37(b) and (d). Rule 37(b)* authorizes a range of sanctions against any party who is found to have disobeyed a court order compelling discovery, including an order to appear for a deposition. *Rule 37(d)* authorizes the same range of sanctions against a party for failing to attend his or her deposition. The range of sanctions authorized by both provisions includes deeming facts admitted, precluding evidence, striking pleadings, and dismissing the action. *Fed.R.Civ.P. 37(b)(2)(A)*. It also includes the imposition of costs, including attorney's fees, incurred by the moving party. *Fed.R.Civ.P. 37(b)(2)(C)*. Such costs "must" be imposed against the offending party "unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

### A. Brown, Poole, and Carter

Brown, Poole, and Carter each twice failed to appear for their depositions. The second failure to attend of each occurred after an order was entered which (1) compelled each of these defendants to appear for his or her deposition at the date, time, and place specified in the order, and (2) warned the defendants as follows:

**\*3 EACH PLAINTIFF SHALL FURTHER TAKE NOTICE** that if he or she fails to serve responses to the County defendants' outstanding interrogatories or document demands or fails to appear for his or her oral deposition as directed in this order, sanctions will be imposed as allowed by *Fed.R.Civ.P. 37(b) and (d)*. These sanctions may include, among others, dismissal of this action as to any such plaintiff. If an action is dismissed against any plaintiff, there will be no trial or other further proceedings, judgment in this case will be entered in favor of the defendants, and that plaintiff will have lost the right

to bring the claims asserted in this action against these defendants in any future action.

Docket No. 82 at 2–3 (emphasis in original). The order was mailed to each plaintiff at the addresses they provided and none were returned undelivered. Docket entry dated 3/13/09.

**\*9** Brown, Poole, and Carter have offered no reason for their failure twice to appear for their depositions and the failures leave each in contempt of this Court's order. Further, defendants have been prejudiced by these plaintiffs' failures both by being denied needed discover from three of the parties asserting claims against them and by the incurring of costs for the time of the attorneys in appearing for the depositions and preparing the present motions. The imposition of sanctions are, therefore, appropriate. The only reasonable sanction available appears to be dismissal of these plaintiffs' claims. The lesser sanctions of admissions and preclusion of evidence would lead effectively to the same result. Such admissions and preclusions would leave defendants able to obtain judgment as a matter of law given these plaintiffs' complete failure to provide any discovery.[3] Accordingly, it is recommended as a sanction for the failures of Brown, Poole, and Carter that each be dismissed with prejudice as a plaintiff in this action pursuant to *Rule 37(b)(2)(A)(5)*.

As to the imposition of costs against these plaintiffs, the awarding of such costs is mandatory under *Rule 37* unless the failure was substantially justified or other circumstances would render an award unjust. No facts appear which might justify any plaintiff's failure here. The only circumstance which appears which might make an award unjust is plaintiffs' pro se status. However, plaintiffs paid the full filing fee, have never sought *in forma pauperis* status, and have never otherwise claimed or demonstrated indigence. *See* Docket No. 1 (noting the payment of the full filing fee). In the absence of the demonstration of facts rising to the level of injustice, such an award must be made here. *See Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir.1994)* (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal."); *Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir.1990)* (" 'all litigants, including pro ses, have an obligation to comply with court orders' ") (quoting *McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988)* ).

**\*4** Only counsel for the Board of Elections defendants and Willingham have submitted affirmations as to the costs they incurred as a result of these plaintiffs' failures. These defendants seek an award for stenographic costs, attorney time preparing for and attending the depositions, preparing the present motions, and photocopying and mailing costs. Neff Affirm. at ¶¶ 20–22; Zegarelli Affirm. at ¶¶ 18–23. All such costs appear to follow directly from the failures of Brown, Poole, and Carter to appear for the depositions and should be allowed.

**\*10** As to the amounts claimed, the stenographic costs were borne by the Board of Elections defendants in the amount of $150. Neff Affirm. at ¶ 18. The Board of Elections defendants further seek an award for 23.7 hours of attorney time at the hourly rate of $95 for a total of $2,251.50. Neff Affirm., Ex. J (Docket No. 86–11) at 2. The hourly rate is well within the range of reasonableness in this district. *See, e.g., Picinichv. United Parcel Serv., No., 2008 WL 1766746, at \*2 (N.D.N.Y.Apr.14, 2008)* (noting that hourly rates up to $210 had been found reasonable in this district). However, the total hours claimed appear excessive in several respects, including the amount of time required to prepare for the depositions of Brown, Poole, and Carter, and the amount of time required to draft pleadings. Therefore, the total amount of time claimed should be reduced from 23.7 hours to fourteen hours. Multiplying the fourteen hours times the hourly rate of $95 yields an amount of $1,330 in attorneys fees which should be awarded to the Board of Elections defendants. Adding the stenographic costs, the Board of Elections defendants are entitled to total costs of $1,480.

Willingham seeks an award of costs for attorney's totaling $1,710 for nine hours at an hourly rate of$190.00. Zegarelli Affirm. at ¶ 19 & Ex. I (Docket No. 106–11). Willingham also seeks an award of $60 for costs incurred in photocopying and mailing her motion papers to the pro se plaintiffs. Zegarelli Affirm. at ¶ 22 & nn. 4, 5. As to the hourly rate, Willingham's counsel asserts that "[m]y average billing rate for this time period was $190.00 per hour." *Id.* at ¶ 21. However, her counsel fails to state the rate she charged Willing ham here or, indeed, if any fee was charged at all. Even if Willingham's counsel represents her without fee in this case, however, counsel is entitled to an award of fees at a reasonable rate for the time wasted when Brown, Poole, and Carter failed to attend their depositions and in making this motion. In the absence of evidence from Willingham as to the hourly rate actually charged here, the rate charged by the Board of Elections defendants for the same services will be utilized

as a guidepost for the reasonable rate to which Willingham's counsel is entitled. Thus, an hourly rate of $95 will be applied here as well. The hours claimed appear excessive as to legal research, where Willingham enjoyed the benefit of access to the memorandum of law filed earlier on the same issues by the Board of Elections defendant, and the preparation of pleadings and should be reduced to six hours. The photocopying and mailing costs appear reasonable and should be allowed as claimed. Thus, an award should be made to Willingham for attorney's fees of $570 (six hours at a rate of $95 per hour) plus photocopying and mailing costs of $60 for a total of $630.

### B. Dixon and Justus4us

**\*5** Dixon, individually and as President of Justus4us, appeared for his deposition and was deposed by defendants. The only basis asserted for imposing sanctions against him is Willingham's contention that he bears partial responsibility for the failure of Brown, Poole, and Carter to attend their depositions because, as lead plaintiff,[4] it was Dixon's responsibility to advise the other plaintiffs of their need to appear for the depositions and insure their attendance. *See* Willingham Mem. of Law (Docket No. 106–1) at 4. First, defendants have made no showing that Dixon failed to communicate with Brown, Poole, or Carter concerning the depositions. Second, Brown, Poole, and Carter were each notified of the dates, times and place of their depositions by the Court order which was mailed to them and not returned undelivered. Accordingly, no sufficient basis has been shown for imposing sanctions against either Dixon or Justus4us.

### C. Allocation Among Plaintiffs

**\*11** The depositions of Brown, Poole, and Carter were scheduled for the same date, time, and place and were to occur in turn. The costs incurred by the Board of Elections defendants and Willingham thus resulted equally from the failures of Brown, Poole, and Carter to attend their depositions. The costs should thus be shared equally by the three plaintiffs and none should be responsible for more than his or her share. Accordingly, the costs imposed should be allocated equally among the three plaintiffs. Brown, Poole, and Carter should each be ordered to pay (1) $493.33 to the Board of Elections defendants and (2) $210 to Willingham.

### IV. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the motions of the Board of Elections defendants and Willingham for sanctions against plaintiffs for the failure of Brown, Poole, and Carter to attend their depositions (Docket Nos. 86, 106) be:

1. **GRANTED** as to Brown, Poole, and Carter as follows:

A. Brown, Poole, and Carter be **DISMISSED** with prejudice from this action as plaintiffs;

B. Brown be ordered to pay the Board of Elections defendants at total of $493.33 and Willingham a total of $210; and

C. Poole be ordered to pay the Board of Elections defendants at total of $493.33 and Willingham a total of $210; and

D. Carter be ordered to pay the Board of Elections defendants at total of $493.33 and Willingham a total of $210; and

2. **DENIED** as to Dixon and Justus4us in all respects. [5]

Pursuant to *28 U.S.C. § 636(b)(1)*, the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993); Small v. Sec'y of HHS, i892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72*, 6(a), 6(e).

N.D.NY.,2010.

*Dixon v. Albany County Bd.* of Elections

Not Reported in F.Supp.2d, 2010 WL 1171225 (N.D.N.Y.)

END OF DOCUMENT

Not Reported in F.Supp.2d, 2010 WL 1171483 (N.D.N.Y.)

(Cite as: 2010 WL 1171483 (N.D.N.Y.))

**H**

Only the Westlaw citation is currently available. **This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

**United States District Court,**

**N.D. New York. Clifton M. DIXON; Justus4us, the Poor People's Campaign, Inc.; Louis W. Brown; Frances Poole; and Cleo B. Carter, Plaintiffs,**

**v.**

**ALBANY COUNT BOARD OF ELECTIONS; Virginia Maffia Tobler; Albany County Democratic Committee; County of Albany; Jaqueline F. Jones; Wanda F. Willingham; James Frezzell; Stephanie Galka; Matthew Galka; and Matthew Clyne, Defendant.**

**Civil Action No. 1:08–cv–502 (GLS/DRH).**

**March 22, 2010.**

**\*12** Clifton M. Dixon, Albany, NY, pro se.

Office of Samuel N. Iroegbu, *Samuel N. Iroegbu, Esq.,* of Counsel, Albany, NY, for Plaintiff Justus4us.

Louis W. Brown, Albany, NY, pro se.

Frances Poole, Albany, NY, pro se.

Cleo B. Carter, Albany, NY, pro se.

Napierski, Vandenburgh & Napierski L.L.P., *Thomas J. O'connor, Esq., Asa S. Neff, Esq.,* of Counsel, Albany, NY, for Board of Elections defendants.

Office of William J. Conboy, II, *William J. Conboy, II, Esq.,* of Counsel, Albany, NY, for Defendant Maffia Tobler.

Crane, Parente & Cherubin, *Clemente J. Parente, Esq.,* of Counsel, Albany, NY, for Defendant Democratic Committee.

Feeney, Centi & Mackey, *L. Michael Mackey, Esq.,* of Counsel, Albany, NY, for Defendant Jones.

DerOhannesian & DerOhannesian, *Paul Derohannesian, II, Esq.,* Jennifer C. Zegarelli, Esq., of Counsel, Albany, NY, for Defendant Willingham.

### ORDER

*GARY L. SHARPE,* District Judge.

**\*1** The above-captioned matter comes to this court following a Report–Recommendation by Magistrate Judge David R. Homer, duly filed February 18, 2010. Following ten days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the Magistrate Judge's Report–Recommendation for clear error, it is hereby

ORDERED, that the Report–Recommendation of Magistrate Judge David R. Homer filed February 18, 2010 is ACCEPTED in its entirety for the reasons state therein, and it is further

ORDERED, that the motions of the Board of Elections defendants and Willingham for sanctions against plaintiffs for the failure of Brown, Poole, and Carter to attend their depositions (*Dkt.Nos.86,* 106) is:

    1. **GRANTED** as to Brown, Poole, and Carter as follows:

    A. Brown, Poole and Carter are **DISMISSED** with prejudice from this action as plaintiffs;

    B. Brown is ordered to pay the Board of Elections defendants a total of $493.33 and Willingham a total of $210; and

    C. Poole is ordered to pay the Board of Elections defendants a total of $493.33 and Willingham a total of $210; and

    D. Carter is ordered to pay the Board of Elections defendants a total of $493.00 and Willingham a total of $210; and

    2. DENIED as to Dixon and Justus4us in all respects; and it is further

ORDERED, that the case is referred to the Magistrate Judge to schedule a conference to establish a schedule for completion of the case, and it is further

ORDERED, that the Clerk of the court serve a copy of this order upon the parties in accordance with this court's local rules.

IT IS SO ORDERED.

N.D.N.Y.,2010.

*Dixon v. Albany* Count Bd. of Elections

Not Reported in F.Supp.2d, 2010 WL 1171483 (N.D.N.Y.)

END OF DOCUMENT

—— F.3d ——, 768 F.3d 212, 2014 WL 4723272 (C.A.2 (N.Y.)) **(Cite as: 768 F.3d 212, 2014 WL 4723272 (C.A.2 (N.Y.)))**

**H**

Only the Westlaw citation is currently available.

**United States Court of Appeals, Second Circuit.**
**Harry R. BAPTISTE, Plaintiff–Appellant,**

**v.**

**Dr. Diane SOMMERS, Clinical Director, Warden at Otisville, FCI New York, Dr. M. White, MD, Orange Regional Medical Staff, Center Director, Defendants–Appellees, John Doe, Jane Doe, Defendants.**

**No. 13–3079–cv.**

**Argued: June 18, 2014.**

**Decided: Sept. 24, 2014.**

**\*13 Background:** Federal prisoner filed action against prison warden and prison physician, alleging deliberate indifference to prisoner's serious medical needs. The United States District Court for the Southern District of New York, Alvin K. Heller-stein, J., dismissed action for failure to prosecute. Prisoner appealed.

**Holdings:** The Court of Appeals held that:

(1) District Court abused its discretion by dismissing without considering all the required criteria, and

(2) dismissal for failure to prosecute was not proper. Vacated and remanded.

## West Headnotes

**[1] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure 170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General 170Ak1758 Failure to Prosecute

170Ak1758.1 k. In General. Most Cited Cases
A district court considering a dismissal for failure to prosecute must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General

170Ak1758 Failure to Prosecute

170Ak1758.1 k. In General. Most Cited Cases
No single factor is generally dispositive in deciding whether to dismiss an action for failure to prosecute. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**[3] Federal Courts 170B 3578**

170B Federal Courts

170BXVII Courts of Appeals

170BXVII(K) Scope and Extent of Review 170BXVII(K)2 Standard of Review 170Bk3576 Procedural Matters

170Bk3578 k. Dismissal or Nonsuit in General. Most Cited Cases

The court of appeals reviews a district court's dismissal of an action for failure to prosecute for an abuse of discretion in light of the record as a whole. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**[4] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General

170Ak1758 Failure to Prosecute

170Ak1758.1 k. In General. Most Cited Cases

**Federal Civil Procedure 170A + 1826**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)5 Proceedings

170Ak1826 k. Notice. Most Cited Cases
Dismissals for failure to prosecute are the harshest of sanctions and courts insist that such dismissals be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**\*14 [5] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General

170Ak1758 Failure to Prosecute

170Ak1758.1 k. In General. Most Cited Cases

A pro se litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme. Fed .Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**[6] Federal Civil Procedure 170A + 1827.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)5 Proceedings

170Ak1827 Determination

170Ak1827.1 k. In General. Most Cited Cases
District courts deciding motions to dismiss for failure to prosecute are not expected to make exhaustive factual findings or to utter robotic incantations. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C .A.

**[7] Federal Courts 170B + 3551**

170B Federal Courts

170BXVII Courts of Appeals

170BXVII(K) Scope and Extent of Review

170BXVII(K)1 In General

170Bk3548 Theory and Grounds of Decision of Lower Court

170Bk3551 k. Reasons for Decision. Most Cited Cases
**Sentencing and Punishment 350H + 373**

350H Sentencing and Punishment

350HII Sentencing Proceedings in General

350HII(G) Hearing

350Hk369 Findings and Statement of Reasons

350Hk373 k. Sufficiency. Most Cited Cases
Just as the court of appeals requires a district court to explain enough about a sentence for a reviewing court both to understand it and to assure it-self that the district judge considered the relevant law, a decision to dismiss for failure to prosecute stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**[8] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General

170Ak1758 Failure to Prosecute

170Ak1758.1 k. In General. Most Cited Cases
District Court abused its discretion by dismissing for failure to prosecute federal prisoner's action, alleging deliberate indifference to his serious medical needs, where Court determined only that prisoner failed to show that he had a meritorious case or that he had good reason for his delay in filing an amended complaint as directed by the Court, without evaluating the duration of the prisoner's failure, the nature and timing of the Court's notice to the prisoner of possible dismissal, any prejudice to the defendants, the Court's own interest in managing its docket, and the possibility of imposing a lesser sanction. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**[9] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General

170Ak1758 Failure to Prosecute

170Ak758.1 k. In General. Most Cited Cases
Even when a district court issues a notice of a possible dismissal and a plaintiff fails to comply with the court's directive, before deciding to dismiss for failure to prosecute, the court must still make a finding of willfulness, bad faith, or reasonably serious fault by evaluating certain criteria. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**\*15 [10] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General

170Ak1758 Failure to Prosecute

170Ak1758.1 k. In General. Most Cited Cases
District Court's dismissal for failure to prosecute federal prisoner's action, alleging deliberate indifference to serious medical needs, was not proper; although prisoner delayed almost two years in filing an amended complaint as directed by the Court, the delay resulted from prisoner's illness and his pro se status, once prisoner obtained counsel, he complied with Court's orders in a timely fashion, the Court failed to provide prisoner with specific guidance about how he could avoid dismissal, there was no showing that defendants have suffered or would suffer prejudice due to prisoner's delay, there was no showing that prisoner's case caused unusual strain on Court's docket, and other sanctions could have effectively addressed prisoner's delay. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

**[11] Federal Civil Procedure 170A + 1758.1**

170A Federal Civil Procedure

170AXI Dismissal

170AXI(B) Involuntary Dismissal

170AXI(B)2 Grounds in General

170Ak1758 Failure to Prosecute

170Ak1758.1 k. In General. Most Cited Cases
To support a motion to dismiss for failure to prosecute, there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A.

Plaintiff–Appellant Harry R. Baptiste appeals from a decision of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge* ) dismissing his case for failure to prosecute under Federal Rule of Civil Procedure 41(b). The district court ruled that Baptiste had not provided an adequate justification for his nearly two-year

delay in filing an amended complaint, and had not proven that he had a meritorious and manageable case going forward. We hold that dismissal exceeded the bounds of the court's discretion because the district court failed to apply the five-factor balancing test prescribed by our case law for assessing the propriety of Rule 41(b) dismissals. VACATED AND REMANDED.Roland G. Ottley, The Ottley Law Firm, PC, Brooklyn, NY, for Plaintiff–Appellant, Harry R. Baptiste.

Tomoko Onozawa, Assistant United States Attorney (Emily E. Daughtry, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Defendants–Appellees, Dr. Diane Sommers and Warden at Otisville, FCI New York.

Rebecca B. Mantello, Catania, Mahon, Milligram, & Rider, PLLC, Newburgh, NY, for Defendants–Appellees, Dr. M. White, MD, and Orange Regional Medical Center Staff, Center Director.

Before CALABRESI, PARKER, and LYNCH, Circuit Judges.

PER CURIAM.
*1 This case requires us to decide whether a district court may dismiss a case for failure to prosecute after a long and unexplained delay without evaluating all the factors that we have deemed necessary to measure the consequences of such delay. Because district courts must weigh the factors prescribed by our case law, and because the court below failed to do so, we VACATE the district court's judgment dismissing the case for failure to prosecute and REMAND for further proceedings consistent with this opinion.

**BACKGROUND**

 **\*16** In February 2009, Plaintiff–Appellant Harry Baptiste filed a pro se complaint alleging that he received inadequate medical care while imprisoned at the federal corrections facility in Otisville, New York. Baptiste suffered from a web of chronic conditions, all rooted in some form of lung disease. He was initially diagnosed and treated in 2005 while he was incarcerated at Otisville. Doctors retained by the Bureau of Prisons allegedly botched Baptiste's diagnosis, and drugs they prescribed may have exacerbated his symptoms. After Baptiste learned of the alleged misdiagnosis, he sought to

recover damages for his suffering. Baptiste could not afford a lawyer and proceeded pro se.

At first, Baptiste pursued his claims diligently: Before filing suit, he exhausted his administrative remedies within the prescribed time limits. After the defendants filed a motion to dismiss his federal court action, Baptiste filed a timely response and moved to have counsel appointed. His responses slowed, however, after the District Court for the Southern District of New York (Alvin K. Heller-stein, *Judge* ) granted the defendants' motions in part. Baptiste had sued one federal official, the warden of the prison where he was housed in 2005, and three physicians who treated him, Dr. Diane Sommers, Dr. M. White, and the Director of the Orange Regional Medical Center. The court dismissed all of Baptiste's claims save one-the allegation that Dr. Sommers was deliberately indifferent to Baptiste's medical needs when Sommers refused to order a biopsy that would have led to an accurate diagnosis. The court also permitted Baptiste to amend his complaint within sixty days, counseling that Baptiste could "assert state law negligence or medical malpractice claims against Dr. White and the Director [of the Orange Regional Medical Center]" and that he should "consult with the Court's Pro Se office for assistance in determining appropriate amendments consistent with [the] Order." The court issued its decision on August 11, 2010. Baptiste did not file a proposed amended complaint until January 14, 2011, after an extension of time and a warning that no further extensions would be granted.

Baptiste's proposed amended complaint, however, was not a complaint. The document, titled "Amended Complaint," was a legal brief "intended to rebut the allegations of the [defendants'] Answer." The court directed the Clerk of Court to return the submission. Baptiste did not respond with a properly pled complaint. Indeed, twenty three months passed without any response at all.

**\*2** On November 16, 2012, after almost two years of silence on the part of Baptiste, the district court ordered Baptiste to show cause why his complaint should not be dismissed. "In light of the absence of recent activity, it is hereby ordered that Plaintiff shall show cause by December 10, 2012 why this action should not be dismissed for failure to prosecute." Citing Federal Rule of Civil Procedure 41(b), the court warned that "[i]f Plaintiff [did] not show good cause by December 10, 2012, the Clerk shall, on December 17, 2012, mark the case closed."

**\*17** On December 10, 2012, Baptiste, now represented by counsel, filed an affirmation responding to the district court's order to show cause. Baptiste explained that he had only recently retained a lawyer, and that his worsening medical condition and treatment "ha[d] ... prevent[ed him] from getting around." Baptiste asked to be allowed to file an amended complaint and continue the action.

With Baptiste's initial explanation in hand, the court delayed any "ruling on the appropriateness of dismissal," and ordered Baptiste's counsel to submit a "a memorandum showing good faith merit against particular defendants, and a plan for completing all necessary proceedings within 60 days." The court gave Baptiste's counsel just over a month to complete the task, and later granted an extension of 30 additional days. Counsel submitted a lengthy brief on the deadline date outlining the basis for Baptiste's claims against each defendant, and indicating that both he and the government's attorney believed that sixty days was too short a time to file an amended pleading and complete discovery. (The government confirmed its agreement in its response, although it then reached the rather ungenerous conclusion that the case should be dismissed because Baptiste had "failed to satisfy-and [could not] satisfy-the requirement ... [that he] present a plan" to do the admittedly impossible).

The district court thus received two responsive filings triggered by its order to show cause: the December letter explaining that Baptiste had only recently obtained counsel and that he had been sick and immobilized for some period of time, and a longer legal brief in February outlining the basis for his claims and his inability to produce a plan to complete discovery in sixty days. The district court, however, focused solely on the second filing. "On December 21, 2012, I ordered Plaintiff to show good cause why his action should not be dismissed for failure to prosecute," the court noted without referencing its initial November order or Baptiste's early December response. The court then dismissed his case for failure to prosecute:

> Plaintiff has not shown good cause why his case should not be dismissed for failure to prosecute. Having retained an attorney, Plaintiff responds with a submission that does not offer a plan to complete proceedings within sixty days as ordered or, for that matter, any other period of time, and offers no explanation for Plaintiffs nearly two-year failure to prosecute

his claims. Instead, Plaintiff seeks to relitigate dismissed claims and assert entirely new claims.

**\*3** The court ordered the case closed. This timely appeal followed.

## DISCUSSION

### I. *Standard of Review*

[1] [2] Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994).

**\*18** [3] [4][5] We review a court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole. *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988). Our review is mindful, however, that such dismissals are "the harshest of sanctions" and we insist that dismissal "be proceeded by particular procedural prerequisites," including "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Mitchell v. Lyons Prof'l Servs., Inc.,* 708 F.3d 463, 467 (2d Cir.2013) (collecting cases). Finally, because the sanction of dismissal with prejudice "has harsh consequences for clients, who may be blameless," we have instructed that "it should be used only in extreme situations." *Id.* (internal quotation marks and citations omitted). We have similarly indicated that a pro se litigant's claim should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (internal quotation marks omitted).

### II. *Adequacy of the District Court's Reasoning*

[6] [7] If the district court weighed the factors dictated by our case law before it dismissed Bap-tiste's case, its order does not disclose its deliberative path. As in *LeSane,* the "record contains no indication that the district court considered any of [the required] factors in reaching its decision to dismiss plaintiff's case for failure to prosecute." *Id.* at 209. We do not expect district courts to make exhaustive factual findings or to utter what, in the sentencing context, we have called "robotic incantations." *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005). But just as we require a court to "explain enough about [a] sentence for a reviewing court both to understand it and to assure itself that the judge considered the [relevant law]" *United States v. Corsey,* 723 F.3d 366, 374 (2d Cir.2013), "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning," *Lucas,* 84 F.3d at 535.

**\*4** [8][9] The district court's order does not refer to any of the factors relevant to a Rule 41(b) dismissal. Instead, the court dismissed the case because it was unpersuaded that Baptiste had a meritorious case or that he had a good reason for his past delay. A failure "to show cause" as to those two factors, however, is not a substitute for assessing the appropriateness of dismissal by balancing the prescribed criteria: the duration of the plaintiff's failure, the nature and timing of the court's notice to the plaintiff of possible dismissal, any prejudice to the defendant, the court's own interest in managing its docket, and the possibility of imposing a lesser sanction. As we explained in *Mitchell,* even when a court issues a notice of a possible dismissal and a plaintiff fails to comply with the court's directive, the court must still make a finding of "willfulness, bad faith, or reasonably serious fault" by evaluating those criteria. 708 F.3d at 467. Given the court's silence, we can only assume that the district court overlooked that requirement, and we therefore cannot say that its decision to dismiss was a reasonable one.

### III. *Propriety of Dismissal*

**\*19** [10] As we have done in other cases, "[w]e now do the factor analysis the district court should have done." *Lucas,* 84 F.3d at 535. *See also LeSane,* 239 F.3d at 209–10 (holding that district court did not adequately weigh Rule 41(b) factors and then "perform[ing] the analysis the district court did not expressly make"). In our view, none strongly favors dismissal.

First, although Baptiste's delay of almost two years in amending his complaint was excessive, the delay appears to have resulted from his illness and pro se status. After he obtained counsel, Baptiste complied with each of the court's demands in a timely fashion. The dramatic shift from incommunicado to responsive, attendant on a chronically ill pro se litigant's retention of counsel, supports Baptiste's claim that his failure to act while representing himself was the product of his own incapacities, and assuages any concern about future delays.

Second, the district court's orders did not provide clear guidance on how Baptiste could avoid dismissal. We note at the outset that the plaintiff's long period of inaction preceded any warning about the consequences of delay. Once the court issued a warning of potential dismissal, Baptiste and his counsel responded in a timely fashion to all court orders. Like the order in *LeSane,* the district court's November 2012 Order to Show Cause was "brief and technical," 239 F.3d at 210, warning only that "Plaintiff shall show cause ... why this action should not be dismissed for failure to prosecute." Baptiste did not have counsel when he received the notice, and might not have understood what would constitute "cause" or "failure to prosecute," or what evidence he should amass to support his excuse.

The court's subsequent order, directed to Baptiste's counsel, was also unclear. The court acknowledged that Baptiste's initial December 2010 response had laid the beginnings of an explanation; the court referred to the filing and delayed "ruling on the appropriateness of dismissal." It then requested further information, none of which related to the past delay. Rather, the court ordered counsel to show "good faith merit against particular defendants," and provide "a plan for completing all necessary proceedings within 60 days." But when the court dismissed Baptiste's case months later, it chastised Baptiste's counsel for failing to "offer [an] explanation for Plaintiff's nearly two-year failure to prosecute his claims." Perhaps the court meant to criticize the tentative statements describing Baptiste's reasons for delay in his initial affirmation in early December. But if that is the case, it is unclear when the court expected counsel to provide the missing corroborating evidence and more detailed explanation that the court required. Counsel complied with the letter of the court's December 2012 order, and cannot be faulted for failing to divine that the court also required information it did not request. [1]

**\*20** **\*5** Third, defendants have not pointed to any concrete way that they have suffered or will suffer prejudice due to Baptiste's delay. Both argue that, in the words of the federal defendants, the delay has "increased the likelihood that evidence in support of ... [their] defenses may be unavailable," but do not identify specific pieces of evidence that they have reason to believe have disappeared, nor do they specify which of their defenses might be compromised. Nothing in the record suggests any such prejudice.

[11] Fourth, the court did not indicate, nor do we have to reason to believe, that Baptiste's case strained its docket in any unusual way. Although the case stalled for two years, "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." *Le Sane,* 239 F.3d at 210. As we have explained, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas,* 84 F.3d at 535–36.

Fifth, the district court has the means to move this case forward efficiently without the cudgel of extreme sanctions. The court has the power to set and enforce reasonable deadlines for discovery and motion practice. If Baptiste seeks to "relitigate dismissed claims," the court can reject those claims in a short order referencing its prior decision. [2] If Baptiste seeks to "assert entirely new claims," the court can address the merits of any motion to amend the complaint. And the court may take into account the consequences of plaintiff's long delay as it addresses any such motion and schedules and oversees discovery.

In sum, the district court has substantial power to ensure that the case proceeds swiftly through discovery to disposition, and to prevent any prejudice to defendants from plaintiff's past delays. This is not an "extreme situation [ ]" that can only be remedied with the "the harshest of sanctions." *Mitchell,* 708 F.3d at 467. Thus, we conclude not only that the district court's failure to address the prescribed factors was error, but also that, had the district court performed the required analysis, it would not have dismissed the case.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **VACATED** and **we REMAND** the case for further proceedings consistent with this opinion.

**\*21** C.A.2 (N.Y.),2014.

*Baptiste v. Sommers*

—— F.3d ——, 768 F.3d 212, 2014 WL 4723272 (C.A.2 (N.Y.))

END OF DOCUMENT
Westlaw.

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

(Cite as: 2007 WL 4246443 (N.D.N.Y.))

**C**

Only the Westlaw citation is currently available.

**United States District Court,**

**N.D. New York. Jose RODRIGUEZ, Plaintiff,**

**v.**

**Glen S. GOORD, et al, Defendants.**

**No. 9:04–CV–0358 (FJS/GHL).**

**Nov. 27, 2007.**

Jose Rodriguez, Willard, NY, pro se.

*Andrew M. Cuomo,* Attorney General of the State of New York, *David L. Cochran, Esq.,* Assistant Attorney General, of Counsel, Albany, NY, for Defendants.

### *DECISION AND ORDER*

*FREDERICK J. SCULLIN,* Senior District Judge.
**\*1** The above-captioned matter having been presented to me by the Report–Recommendation of Magistrate Judge George H. Lowe filed November 6, 2007, and the Court having reviewed the Report–Recommendation and the entire file in this matter, and no objections to said Report–Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6, 2007 Report–Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS,** that Defendants 'motion, pursuant to Local Rule 41.2(b), to dismiss for Plaintiff's failure to provide notice to the Court of a change of address, is **GRANTED;** and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in favor of the Defendants and close this case.

**IT IS SO ORDERED.**

### *REPORT–RECOMMENDATION*

*GEORGE H. LOWE,* United States Magistrate Judge.
This *pro se* prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court. Generally, Jose Rodriguez ("Plaintiff") alleges that, while he was an inmate at Oneida Correctional Facility in 2003 and 2004, ten employees of the New York State Department of Correctional Services ("Defendants") were deliberately indifferent to his serious medical needs, and subjected him to cruel and unusual prison conditions, in violation of the Eighth Amendment. (Dkt. No. 27 [Plf .'s Am. Compl.].) Currently pending is Defendants' motion to dismiss for failure to provide notice to the Court of a change of address, pursuant to Local Rule 41.2(b) of the Local Rules of Practice for this Court. (Dkt. No. 86.) Plaintiff has not opposed the motion, despite having been given more than six weeks in which to do so. Under the circumstances, I recommend that (1) Defendants' motion to dismiss be granted, and (2) in the alternative, the Court exercise its inherent authority to *sua sponte* dismiss Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

### I. DEFENDANTS' MOTION TO DISMISS
**\*22** Under the Local Rules of Practice for this Court, Plaintiff has effectively "consented" to the granting of

Defendants' motion to dismiss, since (1) he failed to oppose the motion, (2) the motion was properly filed, and (3) Defendants have, through the motion, met their burden of demonstrating entitlement to the relief requested in the motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that Defendants have met their burden of demonstrating entitlement to the relief requested), Defendants argue that their motion to dismiss should be granted because (1) Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action," (2) on April 15, 2004, Plaintiff was specifically advised of this rule when (through Dkt. No. 5, at 4) the Court advised Plaintiff that "his failure to [promptly notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1–2 [Defs.' Mem. of Law].)

*2 Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss.[1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious."[2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

***23** For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE DISMISSAL*
Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under

the circumstances. *Rule 41 of the Federal Rules of Civil Procedure* permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. *Fed.R.Civ.P. 41(b).*[3] However, it has long been recognized that, despite *Rule 41* (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); see also Saylor v. Bastedo, 623 F.2d 230, 238 (2d Cir.1980); Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir.1972).* Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

## A. Failure to Prosecute
With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiffs failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[5]

**\*24  *3** As a general rule, no single one of these five factors is dispositive.[6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under *Rule 41(b) of the Federal Rules of Civil Procedure.*[7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiffs failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action.[8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

**B. Failure to Comply with Order of Court**

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court."[9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> **\*25** (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A of this Report–Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office

apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that *"[p]laintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."* (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiffs Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be *GRANTED%;* and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to *SUA SPONTE DISMISS* Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to *28 U.S.C. § 636(b)(1),* the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993)* (citing *Small v. Sec'y of Health and Human Servs., 892 F.2d 15* [2d Cir.1989] ); *28 U.S.C. § 636(b)(1); Fed .R.Civ.P. 72, 6(a), 6(e)..*

N.D.N.Y.,2007.

*Rodriguez v. Goord*

Not Reported in F.Supp.2d, 2007 WL 4246443 (N.D.N.Y.)

END OF DOCUMENT

**All Citations**

Slip Copy, 2014 WL 7151595

**Footnotes**

1    Plaintiff was released from prison on March 25, 2014. Text Minute Entry Dated Mar. 24, 2014

2    Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff. [Editor's Note: Attachments of Westlaw case copies deleted for online display.]

3    According to the clerk of the court, as of July 1, 2014, the ==Northern District== of ==New York== has 2,023 civil cases pending. In addition, according to the Administrative Office of the United States Courts, this district is a "==congested== ==court==" that experiences an unusually high disposition time, especially in prisoner cases.

     FN*FN1.* Among the forms of relief sought by defendants is dismissal of the action. Because dismissal would resolve all issues in the case, it constitutes a dispositive motion for which jurisdiction is reserved to the district court under *28 U.S.C. § 636(b)(1)*. Accordingly, defendants' motions are deemed referred to the undersigned for report and recommendation pursuant to *§ 636(b)(1), Fed.R.Civ.P. 72(b),* and N.D.N.Y.L.R. 72.1(a).

     FN*FN2.* Shannon Thomas is identified in the body of the complaint as a plaintiff residing in the Fourth District and registered to vote in the Independence Party. Compl. at ¶ 6. However, Thomas is not listed as a plaintiff in the caption of the complaint, did not sign the complaint, and, therefore, has never been deemed a party to this action. *See* Docket No. 45.

     FN*FN3.* All three plaintiffs also failed to respond to interrogatories despite being compelled to do so. *See* Docket No. 82 at 2; Zegarelli Affirm. at ¶¶ 13, 14.

     FN*FN4.* In an order filed September 15, 2008, Dixon was "designated Lead Plaintiff and shall serve as the representative and contact person on behalf of the plaintiffs...." Docket No. 48 at 1.

     FN*FN5.* A conference will be ordered to establish a schedule for completion of the case fter the district court has issued a final decision on these recommendations.

1    Moreover, as even the government acknowledged, the court's deadline of sixty days not only to conduct discovery but to fully dispose of the case (presumably including potential summary judgment motions and trial) was unrealistic, so that counsel's failure to produce such a plan cannot be a basis for dismissal.

2    We express no view on the merits of the district court's prior rulings on defendants' motion to dismiss as we do not have jurisdiction to review it at this time. *See Palmieri v. Defaria,* 88 F.3d 136, 139 (2d Cir.1996) (explaining that allowing a dismissal for failure to prosecute to merge with court's prior substantive orders would result in a perverse incentive to bypass the finality rule embodied in 28 U.S.C. § 1291). We note, however, that while Baptiste may seek appellate review of those rulings after the district court enters an eventual final judgment, he remains bound by them at this time. Counsel's efforts to resist those rulings, rather than to chart a course forward that complied with them, understandably irritated the district court, and may have contributed to the decision to dismiss the case.

     FN*FN1. See, e.g., Hernandez v. Nash, 00–CV–1564, 2003 U.S. Dist. LEXIS 16258, at *7–8, 2003 WL 22143709 (N.D.N.Y. Sept.10, 2003)* (Sharpe, MJ.) (before an unopposed motion to dismiss maybe granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially merit orious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League, 251 F.Supp.2d 1106, 1109–10 (N.D.N.Y.2003)* (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96–CV–1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1 [b] [3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2, 1997 WL 640982 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95–CV–0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.).

     FN*FN2. See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at *8, 2003 WL 22143709.

     FN*FN3. Fed.R.Civ.P. 41(b)* (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

     FN*FN4. See Merker v. Rice, 649 F.2d 171, 173 (2d Cir.1981).*

     FN*FN5. See Shannon v. GE Co., 186 F.3d 186, 193 (2d Cir.1999)* (affirming *Rule 41[b]* dismissal of plaintiffs claims by U.S. District Court for ==Northern District== of ==New York== based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

     FN*FN6. See Nita v. Conn. Dep't of Env. Protection, 16 F.3d 482 (2d Cir.l994).*

FN*FN7. See, e.g.,* *Robinson v. Middaugh, 95–CV–0836, 1997 U.S. Dist. LEXIS 13929, at \*2–3, 1997 WL 567961 (N.D.N.Y. Sept.11, 1997)* (Pooler, J.) (dismissing action under *Fed.R.Civ.P. 41*[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

FN*FN8.* It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

FN*FN9.* *Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988)* [citations omitted].

FN*FN10.* *Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996)* [citations omitted].

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.